### Thomas Molony *vs.* Margaret Rourke.

A bill in equity to compel a conveyance to the plaintiff of land by him conveyed through a third person to his wife in ignorance of the legal effect of the conveyance, and, on the death of the wife intestate without issue, conveyed by her heir to the defendant, omitted to show that the defendant took the legal title otherwise than in good faith, for value, and without notice of any trust in favor of the plaintiff. *Held* bad on demurrer.

Bill in equity alleging that the plaintiff bought land of Charles B. Dana; mortgaged it back as security for part of the purchase money; then conveyed it to Samuel Tompson as security for a debt; afterwards enlisted as a soldier, and, while absent on military duty, remitted to Tompson the amount he owed him, and through ignorance as to its legal effect, and intending to secure his property, ordered Tompson to convey it to the plaintiff's wife, which Tompson did; that after this his wife died intestate, leaving no issue, and her father, Dennis Rourke, was heir-at-law; that then the defendant took and procured an assignment to herself of said mortgage, and also procured from Dennis Rourke a deed of his interest as heir, and by virtue of these titles so procured entered upon and was holding the premises; but that the plaintiff was and ever had been ready to pay the defendant the mortgage debt and interest, and all expenses incurred by her in the care of the land; and praying for a decree to compel a conveyance of the land by the defendant to the plaintiff. The defendant demurred for want of equity; and the case was reserved by the chief justice, on the bill and demurrer, for the determination of the full court.

*W. Colburn*, for the defendant.

*A. B. Wentworth*, for the plaintiff.

By the Court. The bill shows that the defendant has the

legal title, and omits to show that she took it without consideration, or with any fraudulent intent, or notice of any trust in favor of the plaintiff. *Demurrer sustained.*