LAWRENCE J. RILEY *vs.* GEORGE B. FARNSWORTH.

Suffolk. March 31, 1874. AMES & DEVENS, JJ., absent.
June 15. — Oct. 22, 1874. COLT & ENDICOTT, JJ., absent.

A judgment in an action for breach of contract, rendered by the Superior Court for the plaintiff without assessing damages, is not a final judgment, and an appeal does not lie to this court.

A memorandum in writing of an auction sale of land, signed by the auctioneer authorized by the vendor to conduct the sale, contained a description of the premises sold, the names of both parties to the agreement, the price agreed upon, an acknowledgment of the receipt of a sum of money in part payment, and a clause in which the auctioneer agreed that "the vendor shall in all respects fulfil the conditions of sale," but did not set forth what were these "conditions of sale." *Held,* that this was not a sufficient memorandum within the statute of frauds.

CONTRACT by a vendee of real estate against the vendor to recover damages for non-performance of a contract of sale. The case was submitted to the Superior Court and on appeal to this court on an agreed statement of facts in substance as follows :

The defendant, the assignee of a mortgage on an estate, No. 23 Pine Street, Boston, on December 31, 1870, sold the estate at auction, for an alleged breach of condition, to the plaintiff, by his agents, G. F. Hunting and C. D. Leavitt, auctioneers, as stated in the following agreements in writing : "December 31, 1870. We hereby acknowledge that Lawrence J. Riley has been this day declared the highest bidder and purchaser of house 23 Pine Street, for the sum of $3850, and that he has paid into our hands the sum of $300, as a deposit, and in part payment of the purchase money ; and we hereby agree that the vendor shall in all respects fulfil the conditions of sale. Vendor's name, Geo. B. Farnsworth, Mortgagee. G. F. Hunting & Leavitt, Auctioneers." "December 31, 1870. I hereby acknowledge that I have purchased by public auction the above described property, 23 Pine Street, for the sum of $3850, and have paid into the hands of G. F. Hunting & Leavitt, Auctioneers, the sum of $300 as a deposit, and in part payment of the purchase money, and I hereby agree to pay the remaining sum of $3850 into the vendor, on or before the 15th day of January, and in all respects, on my part, to fulfil the conditions of sale. Witness my hand this 31st day of December, 1870. Lawrence J. Riley."

The plaintiff and the defendant were both at the sale, and the plaintiff made a payment of $300 at the time he received the contract; he attended the sale at the request of the auctioneer, and did not see the advertisement until some time after the sale. The terms of sale were that the purchaser should pay three hundred dollars at the time of the sale, and the balance on or before January 15, 1871, when the deed was to be given.

The owners of the equity in the estate, Francis Roche and Daniel A. Finnegan, brought a bill in equity against the defendant and the plaintiff, on January 2, 1871, in the Supreme Judicial Court, to redeem said estate from the mortgage thereon held by the defendant, and to restrain the defendant from conveying and the plaintiff from receiving a conveyance of the same in pursuance of said sale; and an injunction was granted as prayed for, which was served on these parties on January 3, before any conveyance was made, and while the plaintiff Riley was having the title examined. The plaintiff and the defendant made answers to said bill, and were heard on the trial of the case, and the court finally decreed therein as follows: " That plaintiffs may redeem on payment of sum due on the mortgage; plaintiffs to pay costs to time of appeal to both defendants, and to recover costs against Farnsworth since that time." The rescript, in its brief statement of the grounds and reasons of the decision, contained the following language, viz.: " The advertisement of the sale was insufficient." The opinion of the court as reported in 106 Mass. 509, 513, may be referred to at the hearing on these facts.

The Supreme Court, on the application of the plaintiff, so modified the injunction as to allow the plaintiff to make tender to the defendant of the balance of the purchase money for said estate, and to demand a conveyance thereof; and on January 14 he made a tender of said balance, and demanded a deed of said estate in pursuance of said sale and said contract; but the tender was declined and a conveyance refused. No conveyance was ever made by the defendant to the plaintiff. On September 23, 1871, after this action was commenced, the defendant tendered to the attorney of the plaintiff $305.50 in settlement of the suit for debt and costs, and the attorney refused to receive it in full; and on September 26, the defendant made a further tender of $12.75, which sums were received by said attorney without prejudice to

the rights of the plaintiff to recover more in the suit at law. These sums were for the $300 paid by the plaintiff at the time of purchase, together with interest thereon and costs to time of tender.

The plaintiff never saw the mortgage till long after the auction. A default had been made in the performance of the condition. The proceedings or records of the Supreme Judicial Court in the case of *Roche* v. *Farnsworth,* and the advertisement, given in 106 Mass. 511, may be referred to.

" If, on these facts, the plaintiff is entitled to recover damages of the defendant for breach of said contract of sale, the case is to stand for assessment of damages before the Superior Court, trial by jury being waived ; otherwise judgment is to be entered for the defendant."

On the above facts the Superior Court ordered judgment for the plaintiff, and the defendant appealed.

*H. C. Hutchins,* for the plaintiff.

*C. Allen & E. S. Mansfield,* for the defendant.

GRAY, C. J. This court has no jurisdiction on appeal from the the Superior Court under the Gen. Sts. *c.* 114, § 10, until after a final judgment disposing of the whole case in the court below. The judgment for the plaintiff in the present case is not final, because it leaves the question of damages open. Upon the hearing of that question, it may appear that the plaintiff in fact sustained no damages, or that they were so trifling in amount that the defendant may not choose to appeal from the final judgment for the plaintiff, or an appeal may be taken by either party upon matters of law involved in the assessment of damages. *Bennett* v. *Clemence,* 3 Allen, 431. *Commonwealth* v. *Gloucester,* 110 Mass. 491. *The Palmyra,* 10 Wheat. 502.

*Appeal dismissed.*

The case was then re-submitted to the Superior Court on the above facts ; judgment was rendered for the defendant, and the plaintiff appealed.

*H. C. Hutchins,* for the plaintiff.

*E. S. Mansfield,* ( *C. Allen* with him,) for the defendant.

MORTON, J. The memorandum in writing required by the statute of frauds must contain all the essential terms of the con-

tract, so that the court can ascertain the rights of the parties from the writing itself without resorting to oral testimony. Tested by this rule it is clear that the memorandum signed by the defendant through his agents, the auctioneers, is not a compliance with the statute. It does not purport to give all the terms of the contract. It states that the plaintiff was the highest bidder and purchaser of house 23 Pine Street for the sum of $3850 ; that he had paid to the auctioneers $300 as a deposit, and in part payment of the purchase money, and that the defendant agrees to " fulfil the conditions of sale." These conditions were stated orally by the auctioneers at the sale, and it cannot be known except by recourse to oral testimony what they were. It is impossible to ascertain from the writing itself what the defendant has promised to do.

But the plaintiff contends that the " purchaser's agreement " signed by him should be construed together with the writing signed by the defendant, and the two be regarded as constituting one memorandum. We have not deemed it necessary to consider this question, because we are of opinion that if the two writings can be construed together the same difficulty remains. Both writings refer to the oral conditions of sale as a part of the contract, and we cannot ascertain what conditions are to be performed by both parties without resorting to parol proof. The two together do not purport to, and do not in fact, state all the conditions. The present plaintiff, in his answer in the case of *Roche* v. *Farnsworth*, the record of which is made part of this case, alleges that one of the conditions stated at the sale was that fifteen days were to be allowed to the purchaser " to make examination of the title to said estate and to ascertain if the same was good when a deed of said estate was to be made to the purchaser." What this condition was, or what other conditions there were, can only be ascertained by parol proof. Whether they amounted to an unconditional agreement by the defendant, either expressly or by implication, that he would give a deed which would convey a good title, cannot be determined from the writings. It would be competent for the defendant to show by parol, without controlling or varying the written memorandum, that the conditions of sale did not import such a contract. The difficulty is that the contract of the parties was partly in writing and partly by parol and the court cannot determine whether the defendant is liable,

or if liable to what extent, without resorting to parol testimony to ascertain what were the conditions orally stated by the auctioneers at the sale. We are therefore of opinion that the memorandum is not sufficient within the statute of frauds.

As this is decisive against the plaintiff's right to maintain this action, it is not necessary to consider the other questions raised.

*Judgment for the defendant.*