JAMES HOGAN & another *vs.* WILLIAM H. WARD & another.

Middlesex.    January 12, 1875.    AMES & ENDICOTT, JJ., absent.

Nc appeal lies to this court from an order of the Superior Court setting aside an award of arbitrators to whom an action, commenced there and still pending, has been referred by rule of court, until after final judgment in the court below.

CONTRACT, begun by a writ dated February 1, 1872, returnable to the Superior Court.    At June term, 1872, the case was, by agreement of parties and rule of court, referred to three referees, whose judgment was to be final.    An award was made by two of the referees in favor of the plaintiffs, which was filed in court.    This was set aside and the case recommitted to the same referees.    One of the referees declined to act further, and the others made a second award in favor of the plaintiffs, and filed it in court.    This award was set aside, and the plaintiffs appealed, and, without anything further being done in the Superior Court, entered the appeal in this court.

*G. W. Norris,* for the plaintiffs, cited *Lanesborough* v. *County Commissioners,* 22 Pick. 278 ; *Day* v. *Laflin,* 6 Met. 280 ; *Skeels* v. *Chickering,* 7 Met. 316 ; *Peck* v. *Hapgood,* 10 Met. 172 *Walker* v. *Boston & Maine Railroad,* 3 Cush. 1, 11 ; *Cochrane* v. *Boston,* 1 Allen, 480.

*W. S. Gardner & L. H. Wakefield,* for the defendants, were not called upon.

GRAY, C. J.    An appeal from a ruling or order of the Superior Court in an action pending there cannot be entered in this court until after final judgment in the court below.    *Bennett* v. *Clemence,* 3 Allen, 431, and other cases collected in *Commonwealth* v. *Gloucester,* 110 Mass. 491, 497.    *Riley* v. *Farnsworth,* 116 Mass. 223.    The present action was commenced in the Superior Court, referred by rule of that court to arbitrators, and is still pending and must be finally determined there.

The case differs from those cited for the appellants, of awards upon a submission before a justice of the peace, or verdicts of a sheriff's jury, in which nothing but the award or the verdict is ever in the Superior Court.                    *Appeal dismissed.*