JULIA E. CROSS, complainant in bastardy, *vs.* JOSEPH W. CLEMENT.

Waldo.   Opinion January 23, 1880.

*Bastardy.  Award.  Docket entries.  Practice.*

Where an award of referees in a case of bastardy has been in an irregular form returned to court and accepted, and the case dropped from the docket, it may after the lapse of several terms, upon motion and due notice, be restored to the docket and recommitted to the referees.

ON EXCEPTIONS.

The bastardy complaint was entered in the supreme judicial court held for this county, at the January term, 1877 ; the respondent had given bond as provided by statute, and at the January term of said court, 1877, said case was referred by agreement of parties, to James D. Lamson, J. C. Whitney and F. W. Banan, as referees, under a rule of court, and after giving proper notice required by law, said referees, at the time and place specified in said notice, heard the parties, their witnesses and arguments of counsel, and at the October term of said court, 1877, returned their report to said court, which rule of court and report of said referees were offered and placed on file on the 10th day of said term, and on the 11th day of said term, the said respondent was surrendered by his bail, and said bail was discharged, and afterwards, on the 11th day of said term, said referees' report was accepted.

The rule of court to the referees was in the ordinary form, and

the report awarded "that the said Julia E. Cross recover of the said Joseph W. Clement, the sum of two hundred and three dollars and costs of reference, taxed at sixteen dollars, (meaning reference fees and rent of hall) and no costs allowed to either party. The above award to be paid as follows: sixty dollars to be paid for the benefit of the said Julia E. Cross, thirty of which shall be paid down, and thirty in one year. The balance of said award to be paid for the support of the child, in manner following—twenty-six dollars in six months, and twenty-six dollars in every subsequent six months until said award is paid."

At the April term of said court, 1879, said complainant, by her counsel, moved the court to bring said action forward on the docket, and strike off the acceptance, and re-commit said report to said referees, which motion was granted by said court; to which ruling of said court, the respondent alleged exceptions. The motion was in writing, and entered upon this term's docket, and notice thereon accepted by respondent's counsel.

*J. Williamson,* for the complainant.

*Thompson & Dunton,* for the defendant, contended :

I. By the 21st rule of court, all objections to any report offered to the court for acceptance shall be made in writing, and no others will be considered. *Hall* v. *Decker,* 51 Maine, 31. *Mabury* v. *Morse,* 43 Maine, 176.

II. By the rule of court the complaint was referred without any conditions or limitations. This transferred all the authority of the court to the referees, and they were made the judges of the law and the fact, and no suggestion having been made that they were actuated by any improper motives, their award being accepted, becomes final and this court cannot inquire into their doings. *Hall* v. *Decker,* 51 Maine, 31. *Mabury* v. *Morse,* 43 Maine, 176. *Hagar* v. *Mutual M. Ins. Co.,* 53 Maine, 502. *Mitchell* v. *Dockray,* 63 Maine, 82. *Portland Mfg. Co.* v. *Fox,* 18 Maine, 117. *Sweeney* v. *Miller,* 34 Maine, 388.

III. Whenever the law is submitted to referees selected by the parties, they are left to the decision of the judges of their own selection, and the court will permit their decision to prevail,

though the referees may have decided contrary to law.   *Portland Mfg. Co.* v. *Fox*, 18 Maine, 117, and cases there cited.

IV.   When the report of the referees in this case was accepted, without objection, the judgment became final until set aside by due course of law.   When the court, accepting said report, adjourned there was no such action pending as the one in question ; it had passed to judgment. *Hall* v. *Decker, supra. Mabury* v. *Morse, supra.    Hagar* v. *M. M. Ins. Co., supra.    Mitchell* v. *Dockray, supra.    Sweeney* v. *Miller, supra.*

PETERS, J.   An award of referees in a case of bastardy was returned to court in an irregular form and accepted, and the case was dropped from the docket, nothing more then being done about it.   After the lapse of several terms of court, upon motion and due notice thereon, the case was ordered to be restored to the docket and re-committed to the referees.   No person but the parties could be affected by this proceeding.   Bail had been discharged.   Nor had judgment been fully made up.   No order of affiliation had been passed, and no bond for the support of the child given or applied for.   In that condition of things, the case might well have remained upon the docket until finally disposed of ; unripe fruit lingering on the tree beyond its season.   *West* v. *Jordan*, 62 Maine, 484.   *Lothrop* v. *Page*, 26 Maine, 119. *Riley* v. *Farnsworth*, 116 Mass. 223.

*Exceptions overruled.*

APPLETON, C. J., BARROWS, DANFORTH, VIRGIN and SYMONDS, JJ., concurred.