## LYMAN COOK *vs.* ALMIRA W. HORTON.

Worcester.   October 12, 1880.   COLT & MORTON, JJ., absent.

No appeal lies to this court, under the Gen. Sts. c. 117, § 8, from a decree of the Probate Court, ordering that the account of an administrator be not allowed because he has not charged himself with the amount due on a certain mortgage, but not ascertaining that amount, nor settling the account.

APPEAL by an administrator from a decree of the Probate Court, by which, after his final account, showing a balance in his hands of $319.75, had been presented for allowance, and had been objected to by one of the heirs at law because the administrator had failed to collect the amount of $1952.50 and interest, due at the time of the death of the intestate, and secured by a mortgage held and owned by him at that time, it was decreed that the account " be not allowed and recorded, because the administrator has not charged himself with the amount due upon a certain mortgage as set forth in the specification of Almira W. Horton, one of the heirs at law, filed in this case; but the amount due on said mortgage is not found, as neither of the parties desires that it should be."

The case was submitted upon a statement of facts to *Ames,* J., who ordered that the decree of the Probate Court should be affirmed, and that the administrator account for the amount, if any, due on the mortgage, and that the case be referred to a master to ascertain that amount and report it to the court; but, being of opinion that this order so affected the merits of the controversy that the matter of the liability of the administrator, and other questions of law as to the amount thereof, arising on the facts agreed, ought to be determined by the full court before any further proceedings, reported those questions for that purpose.

*S. H. Tyng,* for the appellant.

*T. G. Kent,* for the appellee.

GRAY, C. J.   The accounts of executors and administrators must be settled in the first instance in the Probate Court, and, until that court has made a decree for the settlement of an account, no appeal lies to this court.   Gen. Sts. c. 98; c. 117, §§ 8, 16.   *Demmon* v. *Green,* 5 Dane Ab. 266.   The Probate Court

has made no decree for the settlement of the account of the appellant, either as presented, or as modified by charging him with the amount due on the mortgage. Its decree resembles a judgment rendered by the Superior Court for a plaintiff, without ascertaining the amount which he shall recover; in which case no appeal lies to this court. *Riley* v. *Farnsworth*, 116 Mass. 223. The decree of the justice of this court, affirming the decree of the Probate Court, and referring the case to a master, must therefore be set aside, and the appeal from the Probate Court                    *Dismissed for want of jurisdiction.*