## STEPHEN D. COMINS *vs.* TURNER'S FALLS COMPANY.

Franklin.     Sept. 17. — Oct. 23, 1885.     FIELD, C. ALLEN, & GARDNER, JJ., absent.

A ruling of the Superior Court, upon the trial of a complaint for flowage, that the complainant is entitled to maintain the complaint, and excluding evidence offered by the respondent, is interlocutory only, and exceptions thereto, entered in this court before the case is finally disposed of in the Superior Court, will be dismissed.

COMPLAINT under the mill act, Pub. Sts. *c.* 190, for flowage. After the former decision, reported 138 Mass. 222, the case was tried in the Superior Court, before *Staples*, J., who ruled that, if the respondent's dam was effectively raised by him, and thereby flowed the complainant's land, doing damage, it presented a case under the mill act; and excluded evidence offered by the respondent, tending to show that the dam was not higher in its effective height than a former dam, in place of which this dam had been constructed, and afterwards raised.

The jury found for the complainant; and the respondent alleged exceptions.

*A. De Wolf*, for the respondent.

*L. D. Conant*, (*C. C. Conant* with him,) for the complainant.

MORTON, C. J. It is the rule, settled by numerous decisions, that exceptions taken in cases pending in the Superior Court cannot be entered and heard in this court until the case has been finally disposed of, or is ripe for judgment, in the court below.

Interlocutory judgments or rulings cannot be heard until after a final disposition of the case in the Superior Court. *Boyce* v. *Wheeler*, 133 Mass. 554, and cases cited. *Crompton Carpet Co.* v. *Worcester*, 119 Mass. 375. This rule applies to the case before us. In *Marshall* v. *Merritt*, 13 Allen, 274, which, like this case, was a complaint under the mill act, exceptions were taken to a ruling at the hearing, upon the question whether a warrant should issue to empanel a jury to assess the complainant's damages, and were entered in this court before the jury trial was had ; and it was held that they must be dismissed as prematurely entered, because there had been no final determination of the case in the Superior Court.

*Exceptions dismissed.*