JOHN FITZGERALD vs. MARY FITZGERALD.

Norfolk.    December 6, 1895. — March 11, 1896.

Present: FIELD, C. J., ALLEN, KNOWLTON, MORTON, & LATHROP, JJ.

*Equity Practice — Interlocutory Hearing — Premature Exceptions.*

Exceptions taken in the course of a trial of issues of fact by a jury in a suit in equity in the Superior Court, which may be rendered immaterial by the final decree in the cause, will be dismissed as prematurely entered in this court.

BILL IN EQUITY, filed in the Superior Court on August 31, 1891, to set aside a conveyance of real estate, effected by means of two deeds executed simultaneously on September 11, 1871, the first from the plaintiff to one Hugh McDevott, and the second from McDevott to the defendant, who was the plaintiff's wife.

The bill alleged, among other things, that the plaintiff had himself paid the consideration to his grantor for the whole of the real estate, and the answer set up, among other things, " that the estate was purchased with the product of the joint labors of the parties."

At the hearing, before *Hammond*, J., the plaintiff offered evidence tending to prove that he himself, with his own sole earnings, paid the entire consideration for the purchase by him of the real estate. This was denied by the defendant, who offered evidence tending to show that she paid a part of the consideration for the real estate to the plaintiff's grantor from money which she acquired and owned prior to her marriage to the plaintiff, and also in part with money earned by her from work done by her outside of her household duties as his wife. This was denied by the plaintiff, who requested the judge to instruct the jury as follows :

" By ' the product of the joint labors of the parties ' is meant, as matter of law, money or its equivalent derived from labor jointly performed by the parties, which money or its equivalent was received by the party or parties from whom said real estate was purchased, and who conveyed the same to the plaintiff; and those words do not mean money or its equivalent earned by

each, from the labor of each, separately, and not jointly performed; [neither can those words be held to mean that the defendant by her labor in the usual and ordinary household duties performed for the family of herself and her husband, so contributed her labor that it may be called the joint labor of the parties, or the product of the joint labor of the parties.] "

The judge declined to give the ruling requested, except the portion thereof enclosed in brackets, and submitted to the jury the following questions : " 1. Was the estate purchased with the product of the joint labors of the parties? 2. Was the transfer of real estate on September 11, 1871, the voluntary act of the plaintiff? 3. Was the plaintiff induced to make said transfer by the fraud or imposition of the defendant, or of Hugh McDevott in her behalf, or both of them?"

The judge further instructed the jury as follows : " If the jury are satisfied that either parcel was paid for in any part by money earned by the wife before her marriage, or by money earned by her from labor performed by her since marriage, outside of her household duties as wife, their answer to the first question should be, ' Yes.' "

The jury answered the first two questions submitted to them in the affirmative, and the other question in the negative; and the plaintiff alleged exceptions to the rulings and instructions, and the refusals to rule upon the question raised by the first issue to the jury.

*J. W. Pickering,* for the plaintiff, submitted the case on a brief.

*S. W. Hatheway,* for the defendant.

KNOWLTON, J.    This is a bill of exceptions taken in the course of a trial of issues of fact by a jury in a suit in equity in the Superior Court.   Although considerably more than a year has elapsed since the exceptions were taken, the record before us does not show that there have been any other proceedings in the case since the jury returned their verdict.   The first question to be considered is whether the exceptions should be heard in this court before a final hearing on the merits, both upon the law and the facts.   It is a general rule that questions of law arising in the Superior Court cannot be heard in this court until the case has proceeded so far that the determination

of these questions against the excepting party will settle the controversy involved in the suit. *Boyce* v. *Wheeler*, 133 Mass. 554, and cases cited. *Lowd* v. *Brigham*, 154 Mass. 107. See also *Slater* v. *Manchester*, 160 Mass. 471. A branch of the general subject closely analogous to the question before us was considered at length in *Fuller* v. *Chapin*, *ante*, 1, in which it was decided that the court will not ordinarily hear an appeal in equity from an order refusing to frame issues of fact for a jury until after a final decree in the case. It may and often does happen that subsequent proceedings render a bill of exceptions taken in reference to an interlocutory matter wholly immaterial. The present case furnishes a good illustration of the fact. Without intimating that the questions presented by the bill of exceptions would present serious difficulties in any aspect of the case, it is apparent that upon the allegations of the bill and answer, and the findings of the jury upon other issues in relation to which no exceptions were taken, a decree for the defendant might be entered on grounds which would render these exceptions immaterial. It seems likely that, when the case proceeds to a final hearing, it will be so disposed of, and it would be irregular to consider and determine the questions of law arising upon the exceptions at the present time.

*Bill of exceptions dismissed as prematurely entered.*