JOHN FITZGERALD *vs.* MARY FITZGERALD.

Norfolk.    March 18, 1897. — May 22, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Equity — Cancellation of Deed — Fraud — Accident — Mistake.*

A husband who has made to his wife, through a third person, a voluntary convey- ance, untainted with fraud and unaffected by any declaration of trust, of the house and land which is their home, for the purpose of preventing it from being taken by his creditors, cannot thereafter maintain a bill in equity for the can- cellation of the deed on the ground that it was obtained by fraud, or that it was executed by accident or mistake.

BILL IN EQUITY, filed August 31, 1891, by a husband against his wife, to procure the cancellation of a deed alleged to have been obtained from him by fraud, and to have been executed by him, without consideration, by accident and mistake.

In the Superior Court issues were framed for the jury, which were tried before *Hammond*, J., and the case was afterwards heard on its merits by the same judge, who dismissed the bill; and the plaintiff alleged exceptions. The material facts appear in the opinion, and in the notes of the reporter thereto.

*J. F. Pickering, (J. W. Pickering* with him,) for the plaintiff.
*S. W. Hatheway,* for the defendant.

BARKER, J.   This bill in equity, brought by a husband against his wife, alleges, in substance, that the deeds by which the title of the house and land which was their home in the year 1871 was transferred from him to his wife were without consideration, and were never delivered; that he executed them by inadvertence, accident, and mistake, believing that his ownership and control would not be affected; and that he was led to make the transfer of title by the false and fraudulent representations of his grantee, between whom and the defendant he alleges there was a conspiracy to defraud the plaintiff of his real estate.  Also that it was agreed between himself, his grantee, and the defendant, that the deeds which transferred the title should have no further effect than as a provision in lieu of a testamentary disposition, but which should not affect his right to dispose of the real estate by will.  There is an allegation that the plaintiff had himself acquired the property from his own means; also that in the year 1889 the defendant expelled him from the house, and from most of the land, and that she has interfered since with his use of such of the land as yet remains in his possession, and she retains forcible possession of the house, and of most of the land.

The bill then alleges that the deeds purporting to convey title to the defendant were void.  That, if not void, the title which vested in the defendant was a naked legal title, held in trust to the sole and exclusive use of the plaintiff during his life, with power by his will to direct to whom the land should go in fee.

The prayers are that the deeds be declared void, and be cancelled, that the defendant shall so convey the land as to revest it in fee in the plaintiff, and for injunctions, for damages, and for general relief.

The wife's answer alleges that the property was purchased with the products of the joint labors of the plaintiff and herself; that the deeds were made at the plaintiff's request, and were delivered, and that she joined in her husband's deed and accepted the deed to herself to assist her husband, who was then in trouble and litigation, and to save herself and children their home; that there was no other consideration for the transfer, and that it was made by her husband in consideration of his

affection for herself and children, and to preserve and protect his home. The answer denied all charges of fraud and conspiracy, and other wrongdoing, and alleged that the plaintiff voluntarily left the home because of his own misconduct.

The Superior Court submitted to a jury issues, whether the estate was purchased with the product of the joint labor of the parties, whether the transfer was the plaintiff's voluntary act, and whether he was induced to make it by the fraud or imposition of his grantee in behalf of the defendant, or by her fraud or imposition, or that of both of them.

Of these issues the first and second were found in the affirmative, and the third in the negative. At the trial of the issues the plaintiff took certain exceptions, which were entered in this court, and dismissed as prematurely entered by a decision reported in *Fitzgerald* v. *Fitzgerald*, 165 Mass. 471. Thereafter the case was heard by the Superior Court upon its merits. At this hearing no evidence was offered, but the plaintiff requested seven rulings, which the court declined to make, and ordered a final decree dismissing the bill.

The exceptions taken at the jury trial * are now overruled, not having been argued by the plaintiff, who contends that the first issue, to which alone they relate, is immaterial, and all benefit from the finding upon that issue having been waived by the defendant.

---

* The defendant, subject to the exception of the plaintiff, offered to show that from money earned by her both before and after her marriage she had paid a part of the consideration for the real estate in question to the plaintiff's grantors.

The plaintiff also requested the judge to rule that by " the product of the joint labors of the parties " is meant, as matter of law, money derived from labor jointly performed by the parties, which money was received by the party or parties from whom said real estate was purchased, and who conveyed the same to the complainant; and those words do not mean money earned by each, from the labor of each, separately, and not jointly performed; [neither can those words be held to mean that the respondent, by her labor in the usual and ordinary household duties, performed for the family of herself and her husband, so contributed her labor that it may be called the joint labor of the parties, or the product of the joint labor of the parties.]

The judge gave in substance that portion of the request enclosed in brackets, and declined to give the residue; and the plaintiff excepted.

The exceptions taken at the second hearing* must also be overruled.  As the findings that the transfer was voluntarily made and not induced by fraud or imposition stand, the court had to deal with an ordinary voluntary transfer by a husband to his wife, tainted with no fraud or imposition upon him, and where no declaration of trust or other written instrument appeared to control the written deeds, which placed the absolute title in the defendant.

The first three rulings requested were immaterial.  The present rights of the parties in the land do not at all depend upon whether it was purchased with the product of their joint labor, whether before the transfer the defendant had any legal or equitable interest in the land, or whether the product of their joint

---

* The plaintiff requested the judge to rule:

" 1.  That the finding of the jury that ' the estate was purchased with the product of the joint labors of the parties ' should now be disregarded and not considered by the court, because of misdirection by the court in the rulings given and refused, as set forth in the complainant's bill of exceptions, and because said finding is erroneous as matter of law.

" 2.  That before and at the time of said transfer of said estate to the respondent she had not any legal or equitable right or interest in said estate, and she cannot now set up and maintain any such right or interest in said estate.

" 3.  That the product of the ' joint labors ' of the husband and wife could not, and cannot, be separated, divided, and set apart or applied in shares; that the product of all such labors belonged to the husband; that this is also true in respect of her separate or several labor performed for the husband or for his benefit.

" 4.  That upon the allegations of the bill, and of the answer, and the findings of the jury, the complainant has an equitable interest in and right to said estate, and is now entitled to a reconveyance thereof by the respondent.

` " 5.  That upon the facts as disclosed by the bill and answer, the findings of the jury, and all of the competent evidence in this case, a trust in favor of the complainant was created by the deeds of transfer to the respondent, or a constructive trust should and must be found, held, and declared in his favor.

" 6.  That the respondent received and took this estate only to administer it, and this in the interest of the complainant, and to hold and preserve this estate for his benefit and that of his family.

" 7.  That the complainant is now entitled to a reconveyance of said estate by the respondent to the complainant, or to a just and equitable part and parcel thereof as this court shall determine, and to such decree or order of this court as shall secure to him his full and just rights in said estate."

The judge declined to rule as requested; and the plaintiff excepted.

labor could be divided or all belonged to the husband, or whether that would be true of the product of the wife's several labor performed for the husband or for his benefit.

The other rulings requested are upon the theory that the plaintiff has an equitable interest in the estate, and is entitled to a reconveyance, or that a trust which should be declared was created in his favor by the deeds. But such a voluntary conveyance as the present without consideration, even with an oral agreement that a grantee shall hold land in trust, cannot create a trust which can be enforced. *Bartlett* v. *Bartlett*, 14 Gray, 277. *Titcomb* v. *Morrill*, 10 Allen, 15. *Molony* v. *Rourke*, 100 Mass. 190. *Campbell* v. *Brown*, 129 Mass. 23. *Moran* v. *Somes*, 154 Mass. 200, 202. As there was here a voluntary conveyance, untainted with fraud and unaffected by any written declaration of trust, it is immaterial what may have induced the plaintiff to make or the defendant to receive the transfer. Although he made it to preserve and protect his home, and she accepted it to assist him, and joined in carrying his desire into execution, and holds the land as the home for herself and her family, her rights are defined by her deed, and he is entitled to no relief in equity.

*Exceptions overruled.*