## MACFARLAND *v.* BYRNES.

### APPEAL FROM THE COURT OF APPEALS OF THE DISTRICT OF COLUMBIA.

No. 332.　Argued November 5, 1902.—Decided December 1, 1902.

A decree of the Court of Appeals of the District of Columbia reversing an order of the Supreme Court of the District and remanding the cause to the lower court with directions to vacate the part appealed from and to take further proceedings according to law, is neither in form nor intention a final decree and is not reviewable in this court on appeal.

See also *Macfarland* v. *Brown*, decided this term, p. 239, *ante.*

THE case is stated in the opinion of the court.

*Mr. Andrew B. Duvall* and *Mr. Arthur H. O'Connor* for appellants. *Mr. E. H. Thomas* was with them on the brief.

*Mr. Leo Simmons* for appellees.

MR. JUSTICE SHIRAS delivered the opinion of the court.

This is an appeal from a decree of the Court of Appeals of the District of Columbia, reversing a decree of the Supreme Court of the District; and there is a motion to dismiss the appeal for the alleged reason that the decree appealed from was not final, but contemplated further proceedings in the Supreme Court.

The following paragraph from the opinion of the Court of Appeals sufficiently discloses the nature of its decree:

"There is, however, a third consideration, which we cannot ignore in the disposition of this case. By the act of Congress of June 6, 1900, already mentioned, it was provided that, if for any reason the assessment for benefits should be declared void, the commissioners should make application to the court for a reassessment. This evidently has no reference to the invalidity consequent upon judicial decision of the unconstitutionality of the act of Congress of March 3, 1899, for there could then, of course, be no lawful reassessment, since the foundation for the whole proceeding would fail. The holding of this court that the act of March 3, 1899, was unconstitutional did not, therefore, avail to set in motion the instrumentalities of the act of June 6, 1900, for reassessment. And when the Supreme Court of the United States held the act of 1899 to be a constitutional and valid exercise of legislative authority all reason for reassessment under the act of 1900 vanished. Nevertheless, by the discordant tenor of judicial decision the appellees were induced to forego a right which should now be restored to them, that of summoning a second jury of assessment under chapter 11 of the Revised Statutes of the United States for the District of Columbia, under which these proceedings were instituted and

have been prosecuted, if they now desire to avail themselves of that right. They may prefer to forego that right; and they may prefer no longer to contest the justice and propriety of the assessments. If they so elect, the court will, of course, enter the proper order or decree in the cause. If, on the other hand, they elect further to contest the matter according to law, they should have the opportunity to do so. This court, therefore, should not now direct any final order or decree to be entered by the court below in the premises.

" The order appealed from, and only so far as appealed from, will be reversed; and the cause will be remanded to the Supreme Court of the District of Columbia, with directions to vacate such part of said order, and for such further proceedings in the cause according to law as may be right and just."

It thus plainly appears that the decree appealed from was neither in form nor intention a final one. Accordingly, and for the reasons given in the case of the *Commissioners* v. *Jesse Brown and Rosa Wallach*, recently decided, and where a similar question was considered, the motion to dismiss must be sustained.

*Appeal dismissed.*