ISAAC WEIL, executor, vs. BOSTON ELEVATED RAILWAY COMPANY.
SAME vs. SAME.

Norfolk.   December 11, 1913. — February 26, 1914.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & DE COURCY, JJ.

*Practice, Civil*, Exceptions, New trial.  *Supreme Judicial Court.*

It is a general rule of practice that exceptions will not be considered by this court
until the case in which they were taken is ripe for judgment.

After a trial of an action of tort in the Superior Court, which resulted in a verdict
for the defendant, the trial judge granted a motion of the plaintiff for a new
trial on the ground that wrong instructions were given to the jury, and the
defendant filed a bill, entitled "Defendant's Bill of Exceptions," setting forth
an exception to the granting of the motion together with all other exceptions
of both parties taken during the trial, and the exceptions were allowed and
were entered in this court.   *Held*, that the exceptions must be dismissed be-
cause they were presented to this court prematurely.

TWO ACTIONS OF TORT, the first for the conscious suffering and
the second for the death of Hannah Levy, alleged to have been
caused by grossly negligent operation of a street car by servants
of the defendant who were careless, inexperienced and unfit for
such duties and whose carelessness, inexperience and unfitness
were known or should have been known to the defendant.   Writs
dated September 15, 1908.

In the Superior Court the cases were tried together before
*Aiken*, C. J.   Numerous exceptions were taken by both parties
during the progress of the trial.   There was a verdict for the
defendant.   The plaintiff filed a motion for a new trial on the
ground that erroneous instructions were given to the jury.   The
Chief Justice granted the motion, filing a memorandum stating,
"In the submission of the . . . cases to the jury, I so narrowed
the issue that the plaintiff was deprived of opportunity to have
the jury pass upon aspects of the case which in my opinion were
open on the pleadings and the evidence."   The defendant alleged
an exception to the allowance of the motion for a new trial.   A
substitute bill of exceptions afterwards was filed by the defend-
ant and allowed by the Chief Justice, which was entitled "Defend-

ant's Bill of Exceptions" and contained all the exceptions taken during the trial as well as the exception to the granting of the motion for a new trial, and the following stipulation:

"It is stipulated and agreed by the parties that if the question of the validity of any exception or exceptions taken by the plaintiff at any stage of the trial of said case becomes material to the disposition of the case upon this the defendant's bill of exceptions, then this bill correctly sets out all the exceptions taken by the plaintiff as well as the defendant's exceptions, and may be deemed to be also a substitute for the original bill of exceptions duly filed by the plaintiff after the verdict in said case, and be treated as the bill of exceptions of both parties."

*W. G. Thompson,* (*G. E. Mears* with him,) for the defendant.

*E. F. McClennen,* for the plaintiff.

RUGG, C. J.   These actions were tried before the Chief Justice of the Superior Court and resulted in verdicts for the defendant. Thereafter the plaintiff made a motion that the verdicts be set aside and new trials granted, by reason of certain specified errors of law in the charge.   These motions were granted.   The result is that, so far as the record of the Superior Court goes, in each case there has been a trial to a jury and a verdict rendered, and that verdict has been set aside.   No further trial or proceedings have been had.   The parties have argued at length several questions of law raised at the trial, and the further question whether the court had power to set aside the verdicts under the circumstances here disclosed.

The preliminary question is whether these exceptions are entered prematurely.   It has been decided repeatedly that "this court has no jurisdiction on appeal from the Superior Court under the" statutes "until after a final judgment disposing of the whole case in the court below."   Gray, C. J., in *Riley* v. *Farnsworth,* 116 Mass. 223.   To the same effect see *Bennett* v. *Clemence,* 3 Allen, 431; *Kellogg* v. *Kimball,* 122 Mass. 163; *Elliot* v. *Elliot,* 133 Mass. 555; *Boyce* v. *Wheeler,* 133 Mass. 554; *Fuller* v. *Chapin,* 165 Mass. 1, 3.   See also *Hogan* v. *Ward,* 117 Mass. 67; *Cook* v. *Horton,* 129 Mass. 527; *Ellis* v. *Atlantic & Pacific Railroad,* 134 Mass. 338, 340.   Although these cases were decided and the language quoted used when Gen. Sts. c. 114, § 10, was in force, the amendments to that act embodied in R. L. c. 173, § 96, as amended by St. 1906,

c. 342, § 2, and St. 1910, c. 555, § 4, have made no difference in
the law in this respect because it has been said in recent cases that
this court has no jurisdiction to hear an appeal until after final
judgment. *Cotter* v. *Nathan & Hurst Co.* 211 Mass. 31. *Oliver
Ditson Co.* v. *Testa,* 213 Mass. 109. *Cressey* v. *Cressey,* 213 Mass.
191. See also *Brennan* v. *McInnis,* 172 Mass. 247; *O'Connell,
petitioner,* 174 Mass. 253, 262. This jurisdictional rule depends
upon the statute, as is pointed out in several of these cases.

The rule as to exceptions has been stated many times, in sub-
stance that they cannot be entered and heard in this court until
the case has been finally disposed of or is ripe for judgment in the
court below. *Commonwealth* v. *Sallen,* 11 Gray, 52. *Bursley* v.
*Barnstable,* 14 Gray, 106. *Marshall* v. *Merritt,* 13 Allen, 274.
*Commonwealth* v. *Gloucester,* 110 Mass. 491. *Safford* v. *Knight,*
117 Mass. 281, 283. *National Bank of Clinton* v. *Taylor,* 117 Mass.
283 n. *Gifford* v. *Rockett,* 119 Mass. 71. *Harding* v. *Pratt,* 119 Mass.
188. *Crompton Carpet Co.* v. *Worcester,* 119 Mass. 375. *Common-
wealth* v. *Foster,* 122 Mass. 317, 322. *Platt* v. *Justices of the Su-
perior Court,* 124 Mass. 353, 355. *Comins* v. *Turner's Falls Co.* 140
Mass. 146. *Fitzgerald* v. *Fitzgerald,* 165 Mass. 471. *Crossin* v.
*Beebe,* 186 Mass. 472. *Brooks* v. *Shaw,* 197 Mass. 376.

This, however, is a rule of practice established by the court and
not a jurisdictional rule arising out of the statute. It is a rule of
practice established in the interests of justice. It would be an
unendurable burden upon parties litigant if exceptions touching
interlocutory matters could be brought to this court and its de-
termination required as they arose in the progress of the case from
time to time, before the issues of substance were finally disposed of
in the trial court. It is obvious that many questions of law raised
as to interlocutory matters may become of no consequence when the
case is ready for final judgment in the trial court. Any other rule
would require this court to spend much of its time in the considera-
tion of questions which would become finally moot and immaterial.
Therefore, in the interests of practical and speedy administration
of justice, the rule of practice has been adopted that exceptions
will be treated as prematurely entered unless the case has been so
far disposed of in the trial court as to appear upon the record to be
ripe for final judgment. This subject is fully discussed and made
plain by the luminous opinion of Field, C. J., in *Lowd* v. *Brigham,*

154 Mass. 107, where in conclusion it is said, at page 111: "There is certainly nothing in the existing statutes indicating that exceptions may not always be entered in the full court as soon as may be after they are allowed, but the general practice has become settled not to allow exceptions to be entered and heard until the case is, according to the regular course of procedure, ripe for final judgment in the court where it is pending."

This being a rule of practice established in the interests of justice, if in any instance it should not be raised by the parties or should be overlooked by the court, the jurisdiction of the court is not effected and any decision made would be binding. It was. held in *Lowd* v. *Brigham*, 154 Mass. 107, that the procedure in a petition for partition was of such a peculiar nature that the judgment for partition was a separate judgment from that rendered on the report of commissioners, and that, as it was hardly conceivable that any proceedings taken after such a judgment would render immaterial exceptions taken upon the hearing whether partition should be made, such exceptions would be entertained in the discretion of the court. This is not a modification of the general rule, but an interpretation that, in petitions for partition, the decision that there shall be a partition is in the nature of a final judgment and therefore a proper stage for the entertainment of exceptions. To the same point see *Joyce* v. *Dyer*, 189 Mass. 64; *Cressey* v. *Cressey*, 213 Mass. 191. In *Shawmut Commercial Paper Co.* v. *Cram*, 212 Mass. 108, it was held that the case was ripe for final judgment and therefore the exceptions were entertained. See also *Hutchins* v. *Nickerson*, 212 Mass. 118. The defendant points to several cases where this court has considered exceptions coming before it in substantially the same way as the present bill. *Greene* v. *Farlow*, 138 Mass. 146. *Harrington* v. *Worcester, Leicester & Spencer Street Railway*, 157 Mass. 579. *Ellis* v. *Ginsburg*, 163 Mass. 143. *Manning* v. *Boston Elevated Railway*, 187 Mass. 496. *Peirson* v. *Boston Elevated Railway*, 191 Mass. 223. *Loveland* v. *Rand*, 200 Mass. 142. *Welsh* v. *Milton Water Co.* 200 Mass. 409. *Simmons* v. *Fish*, 210 Mass. 563. In *Shanahan* v. *Boston & Northern Street Railway*, 193 Mass. 412, and *Hill* v. *Greenwood*, 160 Mass. 256, relied on by the defendant, the cases were ripe for final judgment in the Superior Court. It is true that in each of the other cases last cited the court considered

a bill of exceptions which related to interlocutory matters and which might have been rendered immaterial by such further proceedings in the Superior Court as would have brought the case to a stage where it was ripe for final judgment. But in no one of the cases was the question of practice discussed. Having been decided upon other points, without adverting to the point of practice, and without its being raised by either party, and without the jurisdiction of the court being affected, they cannot be regarded as modifying the general rule of practice so early announced, so frequently reiterated and so constantly followed, and so manifestly in the interest of parties litigant and the general public, as the rule that exceptions will not be considered until the case is ripe for final judgment.

The rule of practice as to when exceptions may be presented for argument in this court ought to be simple, capable of being easily understood and not likely to be open to doubt in application. The one just stated possesses all these elements. It is more important to preserve it than to break in upon it for the purpose of doing what may appear to be desirable in a single case and thereby work confusion in many other cases. There is the more reason for adherence with some strictness to this practice in view of the present statute (R. L. c. 173, § 105, as amended by St. 1910, c. 555, § 5) which confers liberal power upon judges of the Superior Court to report to this court for determination questions of law arising upon interlocutory matters if of opinion that they ought to be so determined before further proceedings are had in the trial court. See *Hetherington & Sons* v. *William Firth Co.* 212 Mass. 257. It is hardly conceivable that a judge of that court would refuse to report a question of law upon an interlocutory matter when the real interests of the parties required that it be so reported.

It is urged that because a decision by this court one way would result in a final disposition of the case, jurisdiction should be taken. This is a test which individual judges might apply for their guidance in determining whether to report a case either at law or in equity. But it is not a rule ever announced by this court as a rule of practice. Nor is it a universal standard even for individual judges. Many interlocutory decisions might be of such nature that, if made the other way, the case would be finally

disposed of and yet the question of law might be so plain or so likely to be moot or speculative as not to be rightly reported to this court in the exercise of a sound judicial discretion before the case was ripe for final judgment. Manifestly the adoption of such a rule would cause in many instances unwarrantable delay to parties and lie open to objection in other respects. Following, therefore, the thoroughly well established and salutary rule of practice, let the order be

*Exceptions dismissed.*