REAL PROPERTY COMPANY, INCORPORATED, *vs.* ELIJAH J. PITT
& another.

Suffolk.   March 8, 1918. — June 25, 1918.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Municipal Court of the City of Boston,* Appellate Division.  *Practice, Civil,*
Appeal.  *Words,* "Final decision."

The "final decision of the Appellate Division" of the Muncipal Court of the City
of Boston from which by St. 1912, c. 649, § 9, a right to appeal directly to this
court is given, means a decision which terminates litigation on the merits of the
controversy, directs what judgment shall be entered and leaves nothing to the
judicial discretion of the trial court.

A decision of the Appellate Division of the Municipal Court of the City of Boston
ordering a new trial of an action is not a decision from which an appeal lies
directly to this court.

CONTRACT upon an account annexed for a commission as broker
for procuring a customer for a loan.  Writ in the Municipal Court
of the City of Boston dated March 19, 1917.

The judge of the Municipal Court found for the plaintiff and
reported the case to the Appellate Division for determination of
the correctness of the refusal by him to make certain rulings
requested by the defendant.  The Appellate Division made what
is termed in the record a "Final Order," ordering a new trial.
From this order the plaintiff claimed an appeal.

*J. P. Barlow,* for the plaintiff.

*M. Katzeff,* for the defendants, submitted the case without
argument or brief.

RUGG, C. J.  This action of contract was commenced in the
Municipal Court of the City of Boston.  The judge of first in-
stance denied certain requests for rulings of law presented by
the defendant, and found for the plaintiff.  The defendant be-
ing aggrieved, the case was reported at his request to the Appel-
late Division, whose decision was "New trial ordered."
Thereupon the plaintiff appealed.

A preliminary question is whether the case had reached a stage
where an appeal could be taken.

The right to appeal directly to this court from the Appellate Division is created by St. 1912, c. 649, § 9. By its terms such appeal lies only "from the final decision of the Appellate Division." It becomes necessary to define the words "final decision" in this connection.

The natural import of that expression is a determination which puts an end to litigation. A "final decision" by the ordinary and approved usage of the language as applied to an action at law means a decision which leaves nothing more open to dispute and which sets controversy at rest. It seems plain that the general court used the words in that sense in this statute. Parties litigant have never been given the right to enter in this court exceptions or appeals relating to interlocutory matters until the case is ripe for final disposition in the court where it is pending. See *Weil* v. *Boston Elevated Railway*, 216 Mass. 545, where the cases are reviewed. The only way in which such matters can be brought from the Superior Court to this court at any earlier time is by comparatively recent statutes which require a certificate by the judge in substance to the effect that he is of opinion that the matter so affects the merits of the controversy that it ought in justice to be determined by the full court before further proceedings are had. R. L. c. 159, § 27; c. 173, § 105. St. 1910, c. 555, § 5. See St. 1917, c. 345. *John Hetherington & Sons, Ltd.* v. *William Firth Co.* 212 Mass. 257. This is very far from permitting a general right of presenting all interlocutory rulings of law which are not decisive of the merits of the litigation to this court for revision. Manifestly such a right might easily become an intolerable burden in affording opportunity for delay and expense, as well as perhaps in other respects.

It cannot be presumed that it was the legislative purpose to confer appeal from the Appellate Division upon a far broader range of matters than is allowed as of right to litigants in the Superior Court.

The provision of the statute in this respect is similar to those of the judicature acts of Congress which permit appeals and writs of error to the Supreme Court of the United States from final judgments or decrees. "Final" in that connection always has been interpreted to mean such a decision as puts an end to the litigation between the parties so that, if there should be an affirmance,

"the court below would have nothing to do but to execute the judgment or decree it had already rendered. . . . If the judgment is not one which disposes of the whole case on its merits, it is not final. Consequently it has been uniformly held that a judgment of reversal with leave for further proceedings in the court below cannot be brought here on writ of error." *Bostwick* v. *Brinkerhoff,* 106 U. S. 3, 4. *Macfarland* v. *Byrnes,* 187 U. S. 246. *Rio Grande Western Railway* v. *Stringham,* 239 U. S. 44, 47. Opinion by Lurton, Circuit Judge in *Maas* v. *Lonstorf,* 91 C. C. A. 627. See *Cassatt* v. *Mitchell Coal & Coke Co.* 81 C. C. A. 80, for a review of cases.

The words "final decision" in this statute are not rationally susceptible of meaning any decision made by the Appellate Division which is final so far as concerns its action upon the record before it, but which is not final as to the merits of the controversy. The finality of the decision, which is the foundation of an appeal to this court, does not relate to the determination of the Appellate Division upon a particular aspect of the case presented to it, but to its effect upon the issues raised in the case. The test of the finality of a decision is whether it terminates the litigation on its merits, directs what judgment shall be entered, and leaves nothing to the judicial discretion of the trial court, and not whether it is the last word of the Appellate Division on the particular aspect of the litigation at the moment pending before it, directing additional proceedings before the trial judge in order that a final conclusion may thereafter be reached.

The statute now under consideration was the first permitting questions of law to be presented to the full court from any other than the supreme judicial, superior and land courts. It was legislation experimental in its nature. The Municipal Court of the City of Boston is the only one of the police, district or municipal courts which has an Appellate Division and from which questions of law can come directly to this court. There is no similar practice with reference to probate courts, although they now are courts of superior and general jurisdiction with reference to matters within their field. It hardly can be thought that such a general right of appeal was intended to have been conferred under these circumstances. Although the statute appears to have worked well, a different result might follow if it were given a great breadth

of interpretation in this regard. It is too plain for discussion that it is in the interests of speedy and just determination of controversies that parties should not have the right to come to the full court except for the purpose of settling doubtful questions of law which are likely to be final and decisive respecting the particular cause. Such a purpose could not be imputed to the Legislature in the absence of explicit words.

This interpretation of the statute cannot deprive any party of his rights. If it should happen that the decision of the judge of first instance is right, and that of the Appellate Division wrong in sending the case back for further trial, it would be simple to present the questions of law in such form that no substantial right would be affected.

Hitherto these words of the statute have not been interpreted. The point was not considered in *Wright* v. *Graustein*, 229 Mass. 68, or *Nathan* v. *Boston Elevated Railway*, 229 Mass. 62. Those decisions not being directed to this question, are not authorities respecting it.

It follows that the decision in the case at bar, from which the appeal was taken, was not a "final decision" from which alone appeal lies to this court; and without making any intimation as to the correctness of the ruling made, the entry must be

*Appeal dismissed.*