Hibbard, P. J.
This is an action for money loaned by the plaintiff to the defendant. The answer was a general de *94 nial with a plea of payment. The ease was tried and thereafter the defendant filed a motion to amend his answer, which amendment set up in defense that the defendant had filed a petition in bankruptcy and received a discharge. This motion was filed on September 26, 1935. On October 4, 1935, the Court entered a finding for the plaintiff in the sum of $741.01. On October 7th, the defendant filed a motion to vacate the finding and for further hearing to allow him to submit evidence of his filing a bankruptcy petition and his discharge. On October 17th, after hearing, the Court entered the following decision, to-wit:
“Motion for new trial denied without costs. Motion to vacate finding allowed by Court.”
So far as the report and copy of docket entries are concerned, they show no action taken by the Trial Court on the motion to amend defendant’s answer.
The plaintiff claiming to be aggrieved by the action of the Trial Judge upon the motion to vacate finding claimed a report to the Appellate Division which was allowed by the Trial Judge.
'The plaintiff was not as of right entitled to a report of the Appellate Division at this stage of the proceedings. Under Gr. L. chap. 231, §108 a party is entitled as of right to have a ruling of law reported to the Appellate Division only when the cause is otherwise ripe for judgment. As the motion for a new trial was denied, the cause now stands in a somewhat anomalous position but obviously is not yet ripe for judgment. Weil vs. Boston Elevated Railway, 216 Mass. 545.
We feel that the rule laid down and approved by the Supreme Judicial Court for its consideration of exceptions upon interlocutory matters in the above ease ought to be generally followed in the Appellate Divisions in similar cases.
*95 §108 of Chap. 231 of the General Laws makes ample provision for the reporting by a Justice of a District Court to the Appellate Division of questions arising upon interlocutory findings or orders. This statute gives a Justice of a District Court the same powers conferred on Justices of the Superior Court by the statutes mentioned in Weil vs. Boston Elevated, supra, now enacted in G. L. 231 §111. It allows a Justice of the District Court to report his order upon any interlocutory matter if he is of the opinion that it ought to be reviewed before further proceedings in the Trial Court. Sound judicial discretion should be exercised however by the Justice in reporting his rulings on any interlocutory matter.
The instant case however is not reported under or governed by this statute. However G. L. chap. 231 §108 as now in effect provides that a ruling may be reported to the Appellate Division sooner than when the cause is ripe for judgment with the consent of the Justice establishing the same. We assume that such consent has been given in the instant case by the allowance of the report and deal with it upon its merits. The motion to amend the answer filed by the defendant is certainly not before us as it does not appear from the report that the Court made any order thereon. The .Court properly should have reversed its order upon the motion to vacate the finding and for further hearing so that it would read “Motion to vacate finding allowed by Court and so far as the same was for a new trial denied.” As was said in Waucantuck Mills vs. McGee Carpet Company, 225 Mass. 31,
“The Court has the power to reconsider its decision on the same facts although this is a power rarely exercised.”
The allowance or disallowance of this motion in its entirety or in any of its parts was within the discretion of the *96 Trial Judge. By discretion is implied absence of arbitrary determination, capricious disposition or whimsical thinking. The word implies the exercise of discriminating judgment within the bounds of reason. Davis vs. Boston Elevated Railway, 235 Mass. 482. Judged by these standards we cannot say upon the facts set out in the report that there has been any abuse of discretion in this case. It therefore appears that however viewed and whether the ease is properly before us or not there was no prejudicial error. The report must be denied. This will leave the case with the Trial Court for appropriate action.