Jones, P. J.
This is an action of tort in which the plaintiff seeks to recover consequential damages for injuries to his wife. The declaration alleges that the plaintiff’s wife was walking on Fifth Street, a public way in the city of Cambridge, when she fell and was injured, due to the defective condition of an iron grating on said public way adjacent to *443 a building occupied by the defendant. Defendant answers a general denial and contributory negligence.
Before the trial of the action the defendant filed a motion to amend its answer by adding a paragraph specifically denying that Fifth Street is a public way and demanding that plaintiff prove the same.
The judge denied the defendant’s motion as a matter of law, saying, “If I felt that I had any discretion in the matter I would have exercised it in favor of the motion”. All the evidence material to the question involved is reported. The report over the signature of the special justice hearing the case says that,— “the defendant being aggrieved by my denial of its motion to amend the answer I hereby report the same to the Appellate Division for its determination”. This Division has a right to take judicial notice of the docket entries in this case. Kolda v. National Ben Franklin Fire Ins. Co., 290 Mass. 182, and upon resorting to those entries it appears that on July 6,1939, the defendant’s motion to amend its answer, by adding the above paragraph, was denied, and July 7, 1939, defendant’s request for a report was duly filed. Not, however, until October 24, 1939, was defendant’s draft report regarding the denial of his motion to amend filed.
We have not before us a copy of the request for a report. The next step, after filing the said request, required of the defendant in order to bring this case before this Division, was that under Bule XXVIII of the Buies of the District Courts, 1932 Ed., the defendant was required to file within ten days of July 7 (as he must be then presumed to have known of the finding) a draft report. The draft report was filed October 24,- 1939. There is nothing* in the record to show that the trial justice, whose ruling is complained of in this case, in any way ordered or consented to the filing of such draft report as might have been done under Buie *444 XXVII of the Rules of the District Courts. Said Rule XXVTI further provides that if any draft report is not filed as is required by said Rule XXVII a case shall proceed as though no claim for a report had been made. As recited above, we therefore can see no reason why this report should not be discharged, because not filed in due season as required. Holton v. American Pastry Products Co., 274 Mass. 268, 269, 270.
We also think that the case is not properly here because defendant really made no request for a ruling as required by Rule XXVII, which provides that requests for rulings shall be in writing and presented to the Court, unless leave is given otherwise. Kennedy v. Currier, 293 Mass. 435. Neither do we think the defendant has any standing here otherwise G. L. (Ter. Ed.) c. 231, sec. 108, provides that,—
“If a single justice is of an opinion that an interlocutory finding or order made by him ought to be reviewed by the Appellate Division before any proceeding in the trial court, he may report the ease for that purpose and stay all further proceedings except such as are necessary to preserve the rights of the parties.”
The right of appeal to this Division is ordinarily one “for the final decision of the Appellate Division”. Real Property Co. v. Pitt, 230 Mass. 526, 527. Appeals on interlocutory matters cannot ordinarily be entered
“until the case is ripe for final disposition in the court where it is pending”.
Real Property Co. v. Pitt, supra, 527, and also when a case is reported for a decision on a matter, the determination of which is not shown to> settle the whole case and is not shown to be under the provisions of the case above reported. Weil v. Boston Elevated Railway, 216 Mass. 545. John Hetherington & Sons, Ltd. v. Firth, 212 Mass. 257. Real Property Co. v. Pitt, supra, 527. See also Tighe v. Skill *445 ings, 1936 Mass. Adv. Shts. 1023,1025, where the trial judge exercised his right to report the case under the clause of G. L. (Ter. Ed.) c. 231, sec. 108, by putting the report under the terms of the statute and not, as in this case, without any reference to it. It is not open to the defendant to claim an error in the ruling made by the presiding justice under this form of report. Reid v. Doherty, 273 Mass. 388.
In the absence of any requests for rulings under the form of this report we can only dismiss it. Korb v. Albany Carpet Cleaner Co., 1938 Mass. Adv. Shts. 1621.
Report dismissed.