Lemire, James R., J.
This is an action by the plaintiff to recover $45,000.00 that his ex-wife transferred to her sister from a bank account that the ex-wife held jointly with the plaintiff. The plaintiffs count for civil conspiracy (Count II) has been dismissed by agreement. What remains is a count for money had and received/unjust enrichment (Count I). After hearing and upon consideration of the parties’ arguments and the authorities relied upon, this motion to dismiss pursuant to Mass.R.Civ.P. 12(b)(6) is DENIED.
DISCUSSION
The defendants cite G.L.c. 167D, §5, for the proposition that “any part or all of the deposits and interest represented by joint accounts may be withdrawn, assigned or transferred in whole or in part by any of the individual parties.” This provision merely offers guidance to banks that accept deposits into joint *340 accounts, and is not conclusive as to whether a fiduciary relationship exists between joint tenants to a bank account.
In Fitzgerald v. Fitzgerald, 168 Mass. 488, 492 (1897), where a husband voluntarily transferred real property to his wife with the oral condition that the land be held in trust, the wife’s rights were defined by the deed itself, unrestricted by the oral condition. Implicit in this holding was the Supreme Judicial Court’s recognition that there is no presumptive fiduciary duty between a husband and wife with respect to their marital dealings. See Howard J. Alperin, Summary of Basic Law-Trusts §18.47 (2011), citing Fitzgerald, 168 Mass. at 492 (“Massachusetts courts have refused to recognize as fiduciary the relationships between husband and wife”). See also Hatton v. Meade, 23 Mass.App.Ct. 356, 363-64 (1987), and authorities cited (“The Massachusetts cases have viewed fiduciary and confidential relationships more narrowly than do the Restatement (Second) of Trusts, §44, comment c (1959), 1 Scott, Trusts, §44.2, at 341-42 (1967 & Sup. 1986), and Bogert, Trusts, §§495, 496 (1978 & Sup. 1985)”). However, other factors, “additional to membership in the same family, may give rise to a fiduciary relationship, such as reliance by one less experienced upon one better trained ‘in financial matters or .. . [by placing] trust and confidence ... in important affairs’ upon that person.” Id. at 364 n.5, quoting Kelly v. Kelly, 358 Mass. 154, 156 (1970) (alteration in original).
The plaintiff alleges that
[i]n view of the fact[] that Mr. Glasman was always very busy at work, working between 60-70 hours per week, he entrusted!] Ms. Glasman, for the purposes of convenience, handling all his financial affairs, including check writing, balancing of bank account(s), monitoring accuracy of bank statements and payment of household bills. This arrangement!] where Ms. Glasman was exclusively in charge of Mr. Glasman’s finances lasted from approximately early 1990 to approximately the middle of Summer 2010 when the Plaintiff and Ms. Glas-man separated.
Compl., par. 8.
The plaintiff may have great difficulty advancing this case beyond summary judgment; however, at this stage, accepting the plaintiffs factual allegations as true, the Court concludes that he has shown a plausible (albeit doubtful) entitlement to relief on his claim that, under the circumstances, his ex-wife’s diversion of the funds in question was wrongful. See Iannacchino v. FordMotor Co., 451 Mass. 623, 636 (2008). Likewise the defendants’ argument that the statute of frauds requires that the unjust enrichment count should be dismissed must fail at this juncture. The plaintiffs reliance on the discovery rule is sufficient to allow the case to survive the motion to dismiss.
ORDER
Based on the foregoing, the defendants’ Motion to Dismiss is DENIED.