ELLEN C. MOYNIHAN & others *vs.* DANIEL F. MURPHY, administrator, & another.

Middlesex.     March 18, 1925. — June 26, 1925.

Present: RUGG, C.J., PIERCE, CARROLL, & WAIT, JJ.

*Trust*, What constitutes.

The allegations of a bill in equity, filed in 1924 by five of six daughters and the only children of a widow, against the husband and administrator of the estate of the sixth daughter, were in substance that the widow in 1897 conveyed her real estate, which was old, dilapidated, subject to two mortgages and to unpaid taxes and was in danger of foreclosure, to the sixth daughter, who promised to hold it for herself and her sisters, who should thereafter keep it in repair, pay the taxes and the interest on the mortgages and provide a home and support for their mother during her life. The sixth daughter thereafter supported her mother. Her sisters, as soon as they were able to work, turned over their entire earnings to her, and from the combined earnings of herself and her sisters, she, as treasurer for the family, supported the family, paid taxes and interest, and repaired and improved the real estate. Later she married the defendant and moved from the real estate, which thereafter was occupied by the plaintiffs and by the mother, whom the plaintiffs supported, paying the taxes and paying off a balance due on the mortgages. The mother died and then the sixth daughter, the defendant's wife, died without issue, and the defendant claimed title to the real estate. The plaintiffs sought by the bill to establish rights in the real estate. The defendants demurred. *Held*, that

(1) It appeared from the allegations of the bill that there was no instrument in writing establishing a trust;

(2) It not appearing that anything that the plaintiffs had done was done by reason of a promise or an agreement by them or either of them which formed the basis of the conveyance to the defendant's wife, there was no resulting trust; distinguishing *Davis* v. *Downer*, 210 Mass. 573;

(3) It not appearing that any fraud was practised upon the plaintiffs' mother or that the grantee made any representations or promises to the plaintiffs, there was no constructive trust;

(4) The demurrer properly was sustained for want of equity.

BILL IN EQUITY, filed in the Superior Court on May 17, 1924, and described in the opinion, against Daniel F. Murphy as administrator of the estate of Annie T. Murphy and also against him individually as her husband.

The defendants demurred to the bill on the following grounds, among others:

"1. That the plaintiffs have not stated in their bill such a cause as entitles them or any of them to any relief in equity against this defendant.

"2. Because it appears on the face of the bill that the deed from Margaret Moynihan to this defendant's intestate was a warranty deed, absolute in form, which conveyed the premises therein described to this defendant's intestate in fee simple and not in trust for the plaintiffs or any of them.

"3. Because it appears on the face of the bill that the plaintiffs claim that said conveyance was made on an express trust for their benefit in part, and such trust was a trust concerning land and was not created or declared by any written instrument signed by the party creating or declaring the trust or by her attorney.

"4. Because it appears on the face of the bill that the plaintiffs were not parties to the agreement alleged to have been made with their mother by this defendant's intestate and that they furnished no part of the consideration of such agreement, and therefore no trust in their favor resulted therefrom."

The demurrer was heard by *Morton*, J., by whose order there were entered an interlocutory decree sustaining the demurrer on the first ground, and a final decree dismissing the bill. The plaintiffs appealed.

*S. M. Child*, (*J. E. Luby* with him,) for the plaintiffs.
*J. M. Maloney*, for the defendants.

WAIT, J. The plaintiffs were five of the six daughters and only children of Daniel Moynihan who died intestate in 1886. In 1897 the daughters were living with his widow Margaret, their mother, in a house in Marlborough owned by her. It was old, dilapidated, subject to two mortgages and to unpaid taxes; and there was danger of foreclosure. Margaret Moynihan, on October 15, 1897, conveyed it by a warranty deed containing no trust stipulations to her daughter Annie T. on her agreement to hold it for herself and her sisters who should thereafter keep it in repair, pay the taxes and the interest on the mortgages and provide a home and support for their mother during her life. Annie T. thereafter supported her mother. Her sisters, as soon as they were able to work, turned over their entire earnings to her. From the combined earnings of herself and her sisters, Annie T., as treasurer for the family, supported the family, paid taxes and interest, repaired and improved the real estate, until 1912, when she married Daniel F. Murphy and went with him to live in Hudson. The plaintiffs remained in the house at Marlborough, lived in common, supported their mother, paid the taxes and paid off the balance due on the mortgages. The mother died in July, 1916, and the plaintiffs paid her funeral expenses. In October, 1916, Annie T. Murphy died intestate, leaving no issue surviving. Her husband was made her administrator; and he claims the real estate at Marlborough as part of her estate. The plaintiffs seek by this bill to establish their rights as owners of five sixths in the real estate; basing their claim on the foregoing circumstances which they allege as facts and contend that Annie T. always held the property in trust for herself and themselves in equal shares.

The widower demurs to the bill. The judge in the Superior Court was right in sustaining the demurrer. The statute, Pub. Sts. c. 141, § 1, in force in 1897, provided that no trust except such as may arise or result by implication of law should be created or declared except by an instrument in writing signed by the party creating or declaring the trust

or by his attorney. It is apparent from the entire tenor of the bill that here there was no written instrument such as the law required. No trust could be created by oral statements or agreements of either Margaret or Annie T. Moynihan. No trust, therefore, except one implied by law can exist. It is equally certain that the law does not imply a trust upon the facts alleged. There is no trust resulting from any payment by Margaret, such as came to the ancestor in *Howe* v. *Howe*, 199 Mass. 598, or in *Dana* v. *Dana*, 154 Mass. 491, cited by the plaintiffs. *Davis* v. *Downer*, 210 Mass. 573, also urged as an authority by the plaintiffs, is clearly distinguishable. There the performance of the things to be done to establish the trust consisted in carrying out an agreement made by the plaintiff before anything was done by the alleged trustee. Here there is no allegation of any promise made to either Margaret or Annie by any of the plaintiffs. Nothing which they did is the performance of any promise made by them to secure the conveyance in October of 1897. To make out a resulting trust they must prove that they furnished the entire consideration or a specific or definite part thereof, for which it was intended they should receive a determinate and fixed fraction of the whole estate conveyed, as stated in *Pollock* v. *Pollock*, 223 Mass. 382, 384. There is nothing of the kind alleged here.

Nor do the facts alleged support a constructive trust. No fraud was practised on Margaret Moynihan. Annie T. Moynihan made no representations and no promises to any of the plaintiffs, so far as the bill shows.

The case is covered fully by the principles announced by this court in *Bourke* v. *Callanan*, 160 Mass. 195, and in *Tourtillotte* v. *Tourtillotte*, 205 Mass. 547. The order must be

*Decrees affirmed.*