RUTH RANICAR & another *vs.* MARY B. GOODWIN.

Bristol.    October 23, 1950. — February 1, 1951.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & WILLIAMS, JJ.

*Trust*, Oral trust, Statute of frauds, Resulting trust, Constructive trust. *Frauds, Statute of. Fraud. Fiduciary. Parent and Child. Equity Pleading and Practice*, Demurrer.

The defence of the statute of frauds might properly be raised by a demurrer to a bill in equity showing on its face that an alleged express trust of real estate sought to be enforced by the bill was based solely on an oral promise.

An express trust alleged to have arisen from an oral promise by a grantee of real estate to hold and use it for the benefit of the grantor and ultimately to reconvey it to him was unenforceable because of the statute of frauds.

A conveyance of real estate by a deed absolute on its face, even though made "without consideration" and on an oral promise by the grantee to hold and use the real estate for the benefit of the grantor and ultimately to reconvey it to him, did not give rise to a resulting trust of the real estate in favor of the grantor.

Fraud as the basis of imposing a constructive trust of real estate upon a grantee thereof in favor of the grantor, where there was no fiduciary relation between the parties, was not shown by allegations merely that the conveyance was "without consideration" and on an oral promise by the grantee to reconvey the real estate to the grantor, and that the grantee failed to carry out his promise.

The mere fact that the parties to a transaction were father and son did not establish a confidential or fiduciary relation between them.

BILL IN EQUITY, filed in the Superior Court with a writ of summons and attachment dated November 7, 1949.

A demurrer to the bill was heard by *Smith,* J.

In this court the case was submitted on briefs.

*S. Rosenberg,* for the plaintiffs.

*L. Smith* & *C. W. Deasy,* for the defendant.

SPALDING, J.. The allegations of this bill in equity in substance are that the plaintiffs and Frederick J. Goodwin were the children of Oscar H. Goodwin, late of New Bedford; that in 1940 Oscar H. Goodwin by warranty deed absolute on its face conveyed to Frederick J. Goodwin certain described premises in New Bedford; that the "said conveyance to Frederick J. Goodwin by Oscar H. Goodwin was without consideration, and on the oral promise made by the said Frederick J. Goodwin that he would hold the premises for the grantor; mortgage the premises and use the proceeds for the benefit of the premises and the grantor; discharge the mortgage indebtedness from the net income; and on the discharge of the mortgage encumbrance, reconvey the premises to the grantor to enable the grantor, as expressed by him, to transfer the premises to the plaintiffs and Frederick J. Goodwin"; that the "said Frederick J. Goodwin mortgaged the premises, used the proceeds as promised by him, and repaid the mortgage encumbrance

from the net income, which mortgage was discharged on October 20, 1945, but did not reconvey the premises to the grantor"; that Frederick J. Goodwin continued to hold the legal title until August 19, 1949, when without consideration he conveyed the premises to himself and his wife, the defendant, as joint tenants; that the defendant now holds the legal title by reason of the death of Frederick J. Goodwin; and that demand has been made on the defendant by the plaintiffs for conveyance of their respective interests. The prayers of the bill are for a determination that each plaintiff is entitled to an undivided one-third interest in the premises, and for an accounting.

The defendant demurred. Included in the grounds set up in the demurrer are want of equity, the statute of frauds, that it appears on the face of the bill that the plaintiffs were not parties to the agreement between Oscar and Frederick and furnished no part of the consideration for the agreement, and that the warranty deed absolute in form conveyed no interests to the plaintiffs by trust or otherwise. An interlocutory decree was entered sustaining the demurrer, with leave to amend into an action at law to recover the value of the plaintiffs' interests. Thereafter a final decree was entered which recited that the plaintiffs declined to avail themselves of the opportunity to amend within the time specified, and dismissed the bill with costs. The plaintiffs appealed from both decrees.

Since the result will be the same, we assume without deciding that the plaintiffs have a standing to maintain this suit, and pass to the merits.[1] The demurrer was rightly sustained. The bill shows on its face that Frederick's promise was oral and within the statute of frauds. In these circumstances that defence may be raised by demurrer. *Southwick* v. *Spevak*, 252 Mass. 354, 357. *Bank of Commerce & Trust Co.* v. *Schooner*, 263 Mass. 199, 204-205.

---

[1] It is to be noted that the bill does not allege that the grantor made no other disposition of his interest in the property by will or otherwise. Nor does the bill reveal whether the grantor was survived by a widow or whether the property in question was not needed to pay debts of the estate.

It is provided in G. L. (Ter. Ed.) c. 203, § 1, that "No trust concerning land, except such as may arise or result by implication of law, shall be created or declared unless by a written instrument signed by the party creating or declaring the .trust or by his attorney." It is plain that these provisions are fatal to the existence of an express trust. *Bourke* v. *Callanan*, 160 Mass. 195. *Moynihan* v. *Murphy*, 253 Mass. 110. And under the allegations of the bill there could be no resulting trust for the benefit of Oscar or his heirs. *Titcomb* v. *Morrill*, 10 Allen, 15. *Gould* v. *Lynde*, 114 Mass. 366. As there is no allegation that the plaintiffs furnished or agreed to furnish at the time of conveyance either the whole or aliquot portions of any consideration for the deed to Frederick, there can be no resulting trust in their favor. *Quinn* v. *Quinn*, 260 Mass. 494, 501–502. *Moat* v. *Moat*, 301 Mass. 469.

It is equally clear that a constructive trust cannot be imposed. There is no allegation that the transfer was procured by any fraudulent conduct on the part of Frederick. There is nothing to show that at the time he made the promise to Oscar he had no intention of performing it. The refusal to carry out an oral promise to convey land, standing by itself, is not fraud. *Hazleton* v. *Lewis*, 267 Mass. 533, 538.

The plaintiffs urge that, since Oscar and Frederick were father and son, a confidential relationship existed between them, and that the abuse of this confidence by Frederick afforded the basis for imposing a constructive trust. That there is respectable authority[1] in support of this position cannot be denied, but the principle on which it rests, namely, that a confidential relationship arises where the conveyance is made between members of a family, has never been recognized by our decisions. *Titcomb* v. *Morrill*, 10 Allen, 15, 17. *Fitzgerald* v. *Fitzgerald*, 168 Mass. 488. *Tourtillotte* v. *Tourtillotte*, 205 Mass. 547. *Kemp* v. *Kemp*, 248 Mass.

[1] Restatement, Trusts, § 44, comment c. Scott on Trusts, § 44.2, and cases cited. *Sacre* v. *Sacre*, 143 Maine, 80. *Sinclair* v. *Purdy*, 235 N. Y. 245, 253. *Metzger* v. *Metzger*, 338 Pa. 564. 35 A. L. R. 280, 311 et seq.

354, 357. *Young* v. *Young*, 251 Mass. 218, 221. *Moynihan* v. *Murphy*, 253 Mass. 110, 113. See *Chace* v. *Gardner*, 228 Mass. 533, 535. The facts in the cases just cited were quite as strong for the plaintiff with respect to the point now urged as are those alleged here, for in all of them the conveyances were between members of a family. To adopt the plaintiffs' contention would require us to overrule these cases, a course that we are not disposed to follow.

Inasmuch as the plaintiffs declined to amend into an action at law, as the court permitted them to do (see *Kemp* v. *Kemp*, 248 Mass. 354, 357–358), the entry must be .

> *Interlocutory decree affirmed.*
> *Final decree affirmed with costs.*