GEORGE A. BECKFORD *vs.* WALDO L. BECKFORD & others.

Middlesex. October 8, 1952. — November 3, 1952.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & COUNIHAN, JJ.

*Contract*, What constitutes, Consideration, Performance and breach. *Equity Pleading and Practice*, Bill. *Words*, "Arrangement."

Allegations of a bill in equity against heirs of a deceased owner of real estate seeking a conveyance of the property or an accounting by reason of an "arrangement" between the plaintiff and the decedent and conduct of the plaintiff respecting the property in reliance on the "arrangement" failed to show sufficiently that the "arrangement" was a contract or, if it was, what its nature was, or the consideration for it, or whether the plaintiff had fully performed it; and a demurrer to the bill was properly sustained.

BILL IN EQUITY, filed in the Superior Court on October 16, 1951.

The suit was heard by *Morton*, J., on demurrer.

*Guy E. Healey*, for the plaintiff, submitted a brief.

No argument nor brief for the defendants.

WILKINS, J. The plaintiff appeals from a final decree dismissing the bill following an appeal from an interlocutory decree sustaining a demurrer to the bill. In 1920, it is alleged, the plaintiff "entered into an arrangement with his father, George A. Beckford, Sr. and his mother Bertha L. Beckford, whereby he would take over and occupy the premises then owned" by his father and mother at 1 Ireson Court, Melrose. Under "said arrangement" the plaintiff entered upon the premises, put them "in a livable condition," made extensive repairs, paid the outstanding taxes, and "has continued to pay all charges and taxes against the property, relying upon the arrangement that prior to the death of the survivor of said father and mother, the survivor would give" him a deed of the premises. His father predeceased his mother, and his mother died without giving him a deed. Her heirs at law are the plaintiff and three defendants. A fourth defendant is administrator of the mother's estate. The prayers are for a conveyance of the real estate and, in the alternative, an accounting of sums expended by the plaintiff under the "agreement."

There was no error. The allegations as to any contract are too vague. An "arrangement" may be defined as a preparatory agreement, or perhaps as a transaction the terms of which are understood but which is not yet consummated. Whatever its meaning, if the plaintiff claims to have performed some agreement with his mother of which he alleges she committed a breach, it is essential that the consideration for her promise be distinctly alleged. The bill fails to state with sufficient particularity that consideration or what the agreement, if any, was. We are left in doubt whether there was a bilateral contract, a unilateral contract, a preliminary agreement, or some sort of transaction which was not reasonably to be regarded as a binding contract. Restatement: Contracts, § 20. See *Hurl* v. *Merriam*, 252 Mass. 411, 414. If the arrangement amounted to a contract, it does not appear that there was a complete performance by the plaintiff. *Woodruff* v. *Wentworth*, 133 Mass. 309, 313. *Lane* v. *Sullivan*, 302 Mass. 213, 214, and

cases cited. This is not a case where the contract itself implies a consideration. *Damiano* v. *National Grange Mutual Liability Co.* 316 Mass. 626, 629.

> *Interlocutory decree affirmed.*
> *Final decree affirmed with costs.*