IDA M. MORRIS, executrix, *vs.* MARJORIE CROSBY SMITH & others.[1]

Hampshire.    September 21, 1954. — December 13, 1954.

Present: QUA, C.J., LUMMUS, WILKINS, WILLIAMS, & COUNIHAN, JJ.

*Devise and Legacy,* Life estate.

In a will drawn in her own handwriting by a testatrix having no legal training, with knowledge that upon her death her aged mother would acquire substantial property as surviving joint owner and that her mother had income from other sources, a paragraph of the will giving all the testatrix's property to her mother, together with the next paragraph containing detailed provisions, in the event of her mother's predeceasing her "or at the death of" her mother, for disposition of property in the testatrix's house, for life interests in "the income from . . . [her] estate," and for a historical association's taking "the whole estate" at the termination of such life interests, gave the mother only a life interest in the testatrix's property.

PETITION for instructions, filed in the Probate Court for the county of Hampshire on April 27, 1953.

The case was heard by *Cook,* J.

*Edwin P. Dunphy,* stated the case.

*William H. Brownell,* for the respondent Ida M. Morris, individually.

[1] There were four respondents named in this petition, who in any event had only a life interest in the income of the residue of the estate. One of these died before the entry of the decree so that his interest if any had terminated. The petition was taken as confessed as against three others who failed to appear and answer. The Northampton Historical Society to which "the whole estate shall revert" appeared and answered and now is the only appellee. Ida M. Morris individually, the appellant, also appeared and answered.

*Catharine B. Sage,* for the respondent Northampton Historical Society.

COUNIHAN, J.   This is a petition by the executrix of the will of Dorothy M. Morris for instructions with respect to the meaning of said will.[1]   The judge entered a decree that Ida M. Morris took only a life estate.   There was no error.

The evidence is not reported but the judge filed what in effect is a report of material facts.   It appears that Ida M. Morris was the mother of the testatrix and that she was about ninety-one years old when the testatrix died.   By survivorship upon the death of Dorothy, and apart from the will, she acquired personal property amounting to $20,-000 and real estate valued at $10,000 to $12,000.   In addition, from other sources, she had an income of $97.68 a month.   The will was executed on November 15, 1946, and

---

[1] The material parts of the will read:

"[2] After the payment of my just debts and funeral charges, I bequeath and devise as follows:

"[3] To my mother, Ida M. Morris, of Northampton, Mass., all my real and personal property, wherever situated.

"[4] In the event that the death of Ida M. Morris occurs before my own death, or at the death of Ida M. Morris, I devise and bequeath to Mrs. Lyman Smith (Marjorie Crosby Smith) of 47 High St., Brattleboro, Vermont, any personal property and anything contained in my house, located at 37 Henshaw Ave., Northampton, Mass., which she may desire.   I also wish her to allow Mrs. George Gardner (Rebecca Newcomb Gardner) of 220 Maple St., New Bedford, Mass. and Harriet Mellen of Brattleboro, Vermont and the Northampton Historical Society, of Northampton, Mass. to take any personal property and anything contained in the above mentioned house in the order in which they are named, after she, Mrs. Lyman Smith, has taken whatever she desires.   Whatever personal property or property contained in the above mentioned house remains I wish to be given away — not to be sold.   I also bequeath, in equal amounts, to Richard Crosby, of 47 High St., Brattleboro, Vermont, and to the aforenamed, Mrs. Lyman Smith, the income from the residue of my estate for as long as either or both shall live.   In the event of the death of either Richard Crosby or Mrs. Lyman Smith the other shall have the entire income.   At the death of both Richard Crosby and Mrs. Smith the income from the estate shall be paid to the aforementioned Mrs. George Gardner and to Harriet Mellen, of Brattleboro, Vermont, for as long as either or both shall live.   In the event of the death of either Mrs. Gardner or Harriet Mellen the other shall have the entire income.   At the death of all four of the above named the whole estate shall revert to the Northampton Historical Society.   I would like to have it kept as a fund, the income on which would be used by this association but if at any time it is the decision of the directors of this association that the Northampton Historical Association would be better served by using all or part of the principal they may vote so to do.

"[5] I hereby appoint my mother, Ida May Morris, of Northampton, Mass., to be my sole executrix, to serve without bonds.

"[6] In the event of the death of Ida May Morris, I hereby appoint the Northampton Historical Society trustee of my estate, to serve without bonds."

Dorothy died on March 22, 1953. Dorothy had no legal training and the will was drawn in her own handwriting. The inventory discloses that Dorothy left only personal property.

The question for us to consider is: What title did Dorothy intend to transfer by her will in the second and third paragraphs thereof, in which she said, "I bequeath and devise as follows: To my mother . . . all my real and personal property, wherever situated."

Undoubtedly these terms of the will describe the property which Ida was to take, but considered and construed with the language of the fourth paragraph of the will they fail adequately to describe the quantum of title which she was to take by terms indicative of an absolute right or some lesser interest. "The words used . . . were capable, without any words of inheritance, of passing a fee simple. G. L. (Ter. Ed.) c. 191, § 18.[1] . . . But the statute recognizes that a less estate may pass where 'it clearly appears by the will, that . . . [the testatrix] intended to convey a less estate.'" *Rolland* v. *Hamilton*, 314 Mass. 56, 57.[2]

It is true that this statute by its terms applies only to devises of real estate but it may by analogy be applied as a rule of construction to bequests of personal property. *Bassett* v. *Nickerson*, 184 Mass. 169, 176. Compare *Old Colony Trust Co.* v. *Shackford*, 291 Mass. 361, 365. The appellant does not argue the contrary in her brief.

In applying an earlier version[3] of this statute it was said in *Fay* v. *Fay*, 1 Cush. 93 (1848), at page 102, "The proviso contained in . . . [Rev. Sts. c. 62, § 4] regards the intention of the testator exclusively. The legislature have not required that the intention should be declared in express terms; but to avoid the danger of defeating it, by any inflexible rule of law, they have left such intention to be gathered from the will by a comparison of its several pro-

---

[1] "A devise shall convey all the estate which the testator could lawfully devise in the land mentioned, unless it clearly appears by the will that he intended to convey a less estate."

[2] An excellent review of cases covering this point is found in this case.

[3] Rev. Sts. c. 62, § 4 (1836).

visions and a clear deduction from them. The inference must be clear and satisfactory to the mind, and it may be drawn from particular provisions, inconsistent with an intent to give a fee, or from the general import, scheme, and object of the will. . . . But while the legislature changed the rule, they were careful not to fall into the opposite error, by requiring estates less than a fee to be created in express terms; and the court, it is believed, will promote the object of the legislature, by extending the proviso in this section to all cases, in which the intent to give an estate less than a fee can be justly and fairly inferred from the provisions of a will."

Later in *Andrews* v. *Bank of Cape Ann*, 3 Allen, 313 (1862), where the clause in the will read, "I give and bequeath unto my wife . . . all of my estate . . . of every name and nature whatsoever . . . ," the court found it necessary to go beyond this clause and examine other provisions of the will to determine what quantum of title was passed by the quoted language. Again in *Bramley* v. *White*, 281 Mass. 343 (1933), the testator devised and bequeathed to his wife "all my real and personal property, meaning that all my possessions I leave to her. At her death I request that what remains be divided [sic] equally among my three children . . . ." At page 346 it was said, "It is contended by the petitioners that the testator's wife took under the will an interest for life; by the respondents that she took an absolute interest. If by his will the testator made an absolute gift to his wife, a gift over of the same property would not be valid . . . but this rule cannot operate if it is found that the testator has adequately manifested in his will the intent that his wife should not take an absolute interest."

Following the accepted rule for the interpretation of a will we have examined the language of the will of Dorothy M. Morris, reading the document as a whole and in the light of the circumstances existent and known to her at the time of its execution. Whatever intent of the testatrix that process discloses must govern our conclusion unless it be

an intent which runs counter to some positive rule of law. *Sewall* v. *Elder*, 279 Mass. 473, 476–477. *Frost* v. *Hunter*, 312 Mass. 16, 20–21.

In examining the will in the case at bar we find that the dispositive paragraphs hereinbefore set out, especially paragraph 3 and the first two lines of paragraph 4 when juxtaposed, with unessential omissions, read, "To my mother, Ida M. Morris . . . all my . . . property . . . . In the event that the death of Ida M. Morris occurs before my own death, or at the death of Ida M. Morris, I devise and bequeath . . . ."

The testatrix by the language used is saying that she wants all her property passing under the will to go to her mother. But she qualifies this by making immediate provision in case her mother should predecease her and adds the clause "or at the death of Ida M. Morris I devise and bequeath" to others in a manner which clearly is contrary to an intention to give Ida an absolute interest in the property bequeathed. It is plain that the language of paragraphs 3 and 4, read together, means that Ida and her estate lost all interest and control over any property which came to her by the will of Dorothy upon Ida's death.

An examination of the will in the light of circumstances known to Dorothy when she executed the will further strengthens a strong and clear inference that Ida was given nothing more than a life interest. Ida was about eighty-four years old when the will was executed and Dorothy must have known that Ida would acquire property, real and personal, to the value of at least $30,000, which was jointly owned by her and Ida, upon the death of Dorothy. In addition Dorothy must have known that Ida had an income of $97.68 a month from other sources. Dorothy knowing all these facts died without changing her will. It is reasonable to infer that Dorothy realized that the property passing to Ida by survivorship, plus her own income and the income for life from what property Dorothy left at her death, would adequately care for Ida during her remaining years. For that reason she chose to give Ida only a life

estate and on her death made provision for some of her friends during their lives and ultimately provided that her "whole estate . . . [should] revert" to the Northampton Historical Society in which she was interested as is evidenced by the fact that in her will she appointed it trustee of her estate in the event of the death of Ida.

The appellant contends that *Ide* v. *Ide*, 5 Mass. 500 (1809), and other cases which she cites, establish a positive rule of law which precludes us from determining that Ida received nothing more than a life interest under the will of Dorothy. We do not agree. We construe the rule of *Ide* v. *Ide* to mean that where the court finds that the first gift is a gift of the whole property, that is, an absolute bequest of personalty or a devise in fee of real estate, any gift over . is void. But we are not disposed to follow *Ide* v. *Ide* or *Kelley* v. *Meins*, 135 Mass. 231, or any of the other cases cited by the appellant in so far as they appear to hold that any limitation may be put upon the power of the Probate Court or of this court to consider the will as a whole as it is contained in its four corners and the circumstances under which it was executed. The decree is affirmed. Costs and expenses of appeal are to be in the discretion of the Probate Court.

*So ordered.*