ETHEL M. FREDERICK, executrix, *vs.* ETHEL M. FREDERICK, individually and as executrix, & others.

Essex.   March 7, 1969. — April 14, 1969.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & KIRK, JJ.

*Devise and Legacy,* What estate, Life estate, Fee.   *Words,* "Wish," "Request," "Desire."

Under provisions of an artlessly drawn will, that the testatrix "devise[d] and bequeath[ed] the . . . [residue] of . . . [her] estate, both real and personal, to . . . [her husband], he to use said . . . [residue] in any way he deems desirable," and that "After the death of . . . [her] husband it . . . [was her] wish that the house be sold, and the remaining estate be devised and bequeath[ed] to" cousins of hers, the husband took only a life estate in the residue, with power to consume it during his lifetime, and the testatrix's cousins took the remainder interest.

PETITION for instructions filed in the Probate Court for the county of Essex on November 8, 1966.

The case was heard by *Knight,* J.

*William B. Sleigh, Jr.,* stated the case.

*John S. Whipple* for Ethel M. Frederick, executrix & another.

*Francis X. Bellotti,* for William Hayes & others, submitted a brief.

SPALDING, J.   Ethel M. Frederick, as executrix under the will of Mary A. Porter, brought this petition against Warren T. Porter (sometimes known as William T. Porter), husband of the testatrix, and against certain other named individuals, for instructions on the distribution of the residue of the real and personal property passing under Mary Porter's will.   Thereafter Warren T. Porter died, leaving a will naming his nieces, Ethel M. Frederick and Louise F. Morris, as beneficiaries in equal shares of the residue of his estate.   Ethel M. Frederick was also ap-

Frederick *v.* Frederick.

pointed executrix under his will. Upon motion assented to by all the parties, Ethel M. Frederick (individually and as executrix of the will of Warren T. Porter) and Louise F. Morris were joined as parties respondent.

In her will Mary Porter, after making certain pecuniary bequests, disposed of the balance of her property in the following terms: "After the above provisions have been carried out I devise and bequeath the remainder of my estate, both real and personal, to my dear husaband [*sic*], William T. Porter, he to use said remainder in any way he deems desirable. After the death of my dear husband it is my wish that the house be sold, and the remaining estate be devised and bequeath [*sic*] to my cousins of Dedham, Mass., to be shared by them in equal shares." The judge entered a decree that (1) the husband received only a life estate in the testatrix's personal property and real estate, "with the power to consume same during his lifetime"; that (2) certain named individuals comprised the class of cousins taking under the will; and that (3) one of these cousins could not share in the residue because she was one of the subscribing witnesses to the will.

Ethel M. Frederick (individually and as executrix of the will of Warren T. Porter) and Louise F. Morris appealed. Only part (1) of the above mentioned decree is challenged.

The appellants contend that Warren T. Porter received under his wife's will the real estate in fee and absolute ownership of the personal property, and that the gift over to the cousins was void. It is settled law that if an estate in fee is given in plain and unequivocal language, it cannot be reduced by subsequent provisions repugnant to or inconsistent with the estate first given. *Ide* v. *Ide*, 5 Mass. 500, 504. *Mills* v. *Blakelin*, 307 Mass. 542, 546, and cases cited. The question whether or not an absolute and unrestricted ownership in the property is given by the will is one of construction. *Frost* v. *Hunter*, 312 Mass. 16, 20. The will under consideration is obviously artlessly drawn by one not skilled in the law. Thus words which might be

significant if employed by a skilled draftsman may not have the same significance when used by a layman.

While the question is by no means free from difficulty and some of the decisions turn on rather fine distinctions, we are of opinion that the testatrix intended to give her husband a life estate in the real and personal property, with power to consume it during his lifetime. The phrase "he to use said remainder in any way he deems desirable" does not mean that the husband had an unlimited power to dispose of the property. This interpretation is supported by the will's following sentence, which suggests that the testatrix assumed that her husband's "use" of the house, at least, would not have resulted in its disposal. The case at bar most closely resembles *Ford* v. *Ticknor*, 169 Mass. 276, in which the court said there was no power to dispose by will and that the widow only received a life estate. See *Bramley* v. *White*, 281 Mass. 343, and *Morris* v. *Smith*, 332 Mass. 34. But see *Burbank* v. *Sweeney*, 161 Mass. 490; *Knight* v. *Knight*, 162 Mass. 460; *Bassett* v. *Nickerson*, 184 Mass. 169; and *Knibbs* v. *Knibbs*, 236 Mass. 182.

The appellants argue that the testatrix's words in the will, "it is my wish that the house be sold, and the remaining estate be devised and bequeath [*sic*] to my cousins," merely import a recommendation, not a command. As so interpreted, there would be no gift over to the cousins, and the absence of such a gift over would be a strong indication that the husband was to receive absolute ownership. *Anderson* v. *Harris*, 320 Mass. 101, 104–105. But we disagree with the appellants' interpretation. Words of a precatory nature similar to "wish", such as "request" and "desire," have been interpreted as commands in some wills and merely recommendations in others. Compare *Weber* v. *Bryant*, 161 Mass. 400, 403, with *Barrett* v. *Marsh*, 126 Mass. 213, 216, and *Bramley* v. *White*, 281 Mass. 343, 349–350, with *Durant* v. *Smith*, 159 Mass. 229, 233. In construing the will as a whole, we are of opinion that the testatrix's "wish" established a remainder interest in the cousins, with the preceding sentence in the will giving the husband

a life estate. Had the will been drawn by one skilled in the law the word "wish" might well be treated as precatory.

This is the opinion of a majority of the court.

The final decree is affirmed. Costs and expenses of appeal are to be in the discretion of the Probate Court.

*So ordered.*