THOMAS E. KELLY *vs.* CATHERINE V. GALLO KELLY.

Middlesex.   March 5, 1970. — July 6, 1970.

Present: WILKINS, C.J., SPALDING, KIRK, REARDON, & QUIRICO, JJ.

*Trust,* Constructive trust.   *Fiduciary.*

Findings that a fiduciary relationship existed between a daughter and her mother and that the daughter held three acres of a nine acre parcel upon a constructive trust for her brother were not warranted by evidence in a suit in equity respecting an oral agreement between the mother and the daughter whereby the mother for life went to live with and be cared for by the daughter and conveyed the parcel to her by a deed absolute on its face and wherein the daughter promised to convey three acres of the parcel to her brother.

BILL IN EQUITY filed in the Superior Court on January 4, 1965.

---

The suit was heard by *Bennett,* J.

*Willie J. Davis* for the defendant.

*Frederick J. Wheeler, Jr.,* for the plaintiff.

KIRK, J. This is a bill in equity described as seeking specific performance of an alleged agreement by the defendant, Catherine, to convey to her brother Thomas, the plaintiff, one third of a nine-acre lot of land in Burlington. The defendant appeals from a final decree ordering her to deliver to Thomas a deed conveying an undivided one-third interest in the land. The judge made findings of fact; the evidence is reported.

The land comprises nine acres of what was originally a twelve-acre lot owned by the parties' parents. In 1949, the parents conveyed three acres of that lot to their third child, Lillian. The conveyance was pursuant to a long-discussed family understanding that each of the three children was eventually to receive three acres of land, the parents retaining a house and three surrounding acres. The parties' father died in 1950. Their mother, Nellie C. Kelly, thereafter lived with Catherine, for a time in Arlington and later at the Burlington property. In November, 1953, Catherine and her mother reached an agreement that upon Catherine's undertaking to care for the mother until her death, Nellie C. Kelly would convey the remaining nine acres to Catherine. Catherine further agreed to convey "within a reasonable time" three acres to Thomas, "the location of the boundaries of the said three acre parcel to be determined by" Catherine. The agreement was reduced to written form by an attorney and was mailed to Catherine. It was never signed by either Catherine or her mother. The only evidence of the reason it was not signed was Catherine's testimony that her then husband "did not approve of it." On November 14, 1953, Nellie C. Kelly conveyed the nine-acre tract to Catherine by a deed absolute on its face. Nellie C. Kelly thereafter lived with Catherine until the mother's death in 1962. Catherine has made no conveyance to Thomas.

The judge found that Catherine holds three of the nine acres of land, not including any existing buildings, on a con-

structive trust for the benefit of Thomas. Since Catherine had made no determination of the boundaries, the judge did not order specific performance of the agreement. Instead he entered a decree ordering Catherine to deliver to Thomas a deed to a one-third undivided interest in the nine-acre lot.

Whether the evidence would support a finding of a constructive trust is the only issue argued by the parties. We confine our discussion to that issue.[1] A constructive trust "is imposed 'in order to avoid the unjust enrichment of one party at the expense of the other where the legal title to the property was obtained [a] by *fraud* or [b] *in violation of a fiduciary relation* or [c] where information confidentially given or acquired was used to the advantage of the recipient at the expense of the one who disclosed the information' (emphasis supplied). *Barry* v. *Covich,* 332 Mass. 338, 342." *Meskell* v. *Meskell,* 355 Mass. 148, 151.

The judge did not specifically find fraud on Catherine's part "at the time the property was transferred." *Meskell* v. *Meskell, supra,* at p. 151. There is no evidence which would justify such a finding by us.

It is settled in this Commonwealth that a fiduciary relationship does not arise merely because the parties to a conveyance are. members of the same family, even if the transferee promised to hold the land in trust. *Kemp* v. *Kemp,* 248 Mass. 354. *Ranicar* v. *Goodwin,* 326 Mass. 710, 713–714, and cases cited. *Meskell* v. *Meskell, supra,* at pp. 151–152. Additional factors may give rise to such a relationship. *Samia* v. *Central Oil Co. of Worcester,* 339 Mass. 101, 112. Such factors are lacking in this case, however. There was, for example, no evidence that Nellie C. Kelly ever relied upon Catherine in financial matters or placed her trust and confidence in her in important affairs. Compare *Hawes* v. *Lackey,* 207 Mass. 424, 431–433; *Schmidt* v. *Schmidt,* 216 Mass. 572, 576–577; *Reed* v. *A. E. Little Co.* 256 Mass. 442, 448–450; *Akin* v. *Warner,* 318 Mass. 669;

---

[1] The defendant did not specifically plead the statute of frauds. G. L. c. 259, § 1. The plaintiff, however, does not argue that it was error for the judge to refuse to order specific performance.

*Stetson* v. *French,* 321 Mass. 195, 199; *Samia* v. *Central Oil Co. of Worcester,* 339 Mass. 101, 112. The evidence showed only that Nellie C. Kelly was living with Catherine and that Catherine had in her possession an unexecuted written instrument which recited a pledge to convey three acres to Thomas. This evidence was insufficient to support a finding of a fiduciary relationship.

Since there is no contention that Catherine used to her own advantage and to the disadvantage of her mother any information confidentially imparted to her by her mother, there can be no constructive trust imposed on that hypothesis.

The final decree must be reversed. A new final decree is to be entered dismissing the bill.

*So ordered.*