TRUSTEES OF FIRST METHODIST CHURCH OF HOLYOKE & others *vs.* ATTORNEY GENERAL.

Hampden.    April 12, 1971. — June 14, 1971.

Present: TAURO, C.J., SPIEGEL, REARDON, QUIRICO, & BRAUCHER, JJ.

*Trust,* What constitutes, Charitable trust. *Devise and Legacy,* Gift in trust. *Words,* "Request."

Under a will directing the testatrix's executor to "pay over" the residue of her estate to six designated churches, and stating "And I hereby request that the Church Committees of . . . [such churches] shall cause said funds to be carefully invested and the annual income of said investment shall be used by said Church Committees in providing homes in private families, as far as possible for needy and elderly women, as the several Church Committees may direct," and providing that "Upon the payment by my . . . executor to the . . . [churches] his responsibility for the performance of the trusts mentioned in this will shall cease," it was held that trusts for needy and elderly women were created, rather than unrestricted gifts to the churches.

PETITION for instructions filed in the Probate Court for the county of Hampden on April 25, 1967.

The case was heard by *Smith,* J.

The case was submitted on briefs.

*Robert H. Quinn,* Attorney General, & *James J. Kelleher,* Assistant Attorney General, for the Attorney General.

*Ralph W. Crowell* & *John H. Williams, Jr.,* for the petitioners.

TAURO, C.J.    This is an appeal by the Attorney General from a decree of the Probate Court on a petition for instructions as to the effect of the residuary clause of the will of Eliza Smith.    The testatrix died on November 26, 1907, and her will was allowed on December 18, 1907.

The testatrix in clause Fifteenth of her will directed that her executor divide the residue into six equal shares and "pay over, the same to the . . . Treasurers of the Church Committees of . . . [six designated churches].    And I

hereby request that the Church Committees of the several churches above named shall cause said funds to be carefully invested and the annual income of said investment shall be used by said Church Committees in providing homes in private families, as far as possible for needy and elderly women, as the several Church Committees may direct, but I request the several Church Committees not to pay any money out of said income for the support of any woman who may be an inmate of the Home or establishment organized or maintained by the Rain and Shine Club, of the City of Holyoke, as I do not approve of the methods used by this Club to raise money. Upon the payment by my said executor to the above named Treasurers, his responsibility for the performance of the trusts mentioned in this will shall cease."

The petition, filed on April 25, 1967, sought instruction "as to whether the testatrix made an unrestricted gift . . . or whether the testatrix created a trust for the benefit of needy and elderly women." The Probate Court decreed that the residuary clause provided for unrestricted gifts to the six churches named and that they and their successors "have title to said funds free of any and all trusts." The case was heard on the pleadings and the will without further evidence and briefs were thereafter filed.

The question presented is one of construction. *Frost* v. *Hunter*, 312 Mass. 16, 20. "While the question is by no means free from difficulty and some of the decisions turn on rather fine distinctions" (*Frederick* v. *Frederick*, 355 Mass. 662, 664) we are of the opinion that a trust was created for the benefit of needy and elderly women.

The petitioners argue that the word "request" in the fifteenth clause should be treated as precatory and not as creating a trust. "A manifested intent is not to be thwarted by attaching a 'hard and fast meaning to particular words apart from their connection and the atmosphere of the instrument in which they are used.' *Poor* v. *Bradbury*, 196 Mass. 207, 209." *Bramley* v. *White*, 281 Mass. 343, 349. In *Frederick* v. *Frederick*, 355 Mass. 662, at 664, this court

stated that "Words of a precatory nature similar to 'wish,' such as 'request' and 'desire,' have been interpreted as commands in some wills and merely recommendations in others." In its present context, the use of the word "request" by the testatrix takes on a mandatory character so as to impose a duty upon those addressed in the residuary clause. *Cooney* v. *Montana,* 347 Mass. 29, 35. See *Weber* v. *Bryant,* 161 Mass. 400; *McCurdy* v. *McCallum,* 186 Mass. 464 (applying the law of Nova Scotia); *Temple* v. *Russell,* 251 Mass. 231; *Bramley* v. *White,* 281 Mass. 343; *Ferguson* v. *Massachusetts Audubon Soc.* 316 Mass. 436, 441–442. A reading of the residuary clause in its entirety indicates that the named churches were not intended to take an absolute and unrestricted interest for their own benefit. The clause itself uses the word "trusts" in the last sentence which provides "Upon the payment by my said executor to the above named Treasurers, his responsibility for the performance of the trusts mentioned in this will shall cease." Even if the word "trusts" was not used, this type of provision for discharge of the executors is unnecessary where there is an absolute legacy, but is required where the legacy is charged with a trust. *McCurdy* v. *McCallum,* 186 Mass. 464, 470–471. The petitioners point to the fact that the testatrix knew how to create a trust fund by express words as indicated in other clauses in the will. But a trust can be created without using the word "trust" if the language of the will indicates such an intention. *Smith* v. *Livermore,* 298 Mass. 223, 234. Compare *Dexter* v. *Young,* 234 Mass. 588, 591. Moreover, here the testatrix did, of course, use the word "trusts" in the residuary clause.

We conclude that the words of the residuary clause demonstrate an intention by the testatrix that the income of the funds be restricted to caring for needy and elderly women, thus creating a trust rather than an unrestricted gift.

The decree of the Probate Court is reversed. A new decree is to be entered consistent with this opinion.

*So ordered.*