ROBERT N. PALMIERI *vs.* NICHOLAS A. PALMIERI & another.[1] December 14, 1973. The plaintiff has appealed from a final decree dismissing a bill by which he sought (1) to compel the defendants (his parents) to convey to him the title to the home in which he formerly resided (locus) and (2) damages. The master found that the locus was purchased for occupancy by the plaintiff and his (now estranged) wife at a time when the plaintiff had no money or credit standing and was paid for out of the proceeds of a loan which was arranged by the defendants and which was secured by a blanket mortgage covering not only the locus but also the defendants' own home. Title was taken in the names of the defendants. 1. The plaintiff was not entitled to a conveyance. There was never a meeting of the minds on a possible conveyance (compare *Hurl* v. *Merriam,* 252 Mass. 411, 414 [1925]; *Beckford* v. *Beckford,* 329 Mass. 389, 390 [1952]). There could be no resulting trust because the master's findings did not warrant an inference that the plaintiff furnished or agreed to furnish any money, either his own or that lent to him by the defendants (see *Moat* v. *Moat,* 301 Mass. 469, 472 [1938]; *Cohen* v. *Simon,* 304 Mass. 375, 377-378 [1939]; contrast *Gerace* v. *Gerace,* 301 Mass. 14, 18 [1938]), at the time of the acquisition of the locus in order to purchase either the entire interest or an aliquot share therein (see *Bailey* v. *Hemenway,* 147 Mass. 326, 328-329 [1888]; *Quinn* v. *Quinn,* 260 Mass. 494, 500-502 [1927]; *Druker* v. *Druker,* 308 Mass. 229, 230-231 [1941]; *Ranicar* v. *Goodwin,* 326 Mass. 710, 713 [1951]). There was no basis for imposing a constructive trust (compare *Druker* v. *Druker,* 308 Mass. 229, 231 [1941]; *Kelly* v. *Kelly,* 358 Mass. 154, 156 [1970]). 2. The plaintiff was not entitled to be compensated for the fair value of the labor and materials supplied by him in effecting improvements or to recover any resulting increase in the value of the locus. There was no presumption that the defendants were liable for the value of the improvements (*LaChance* v. *Rigoli,* 325 Mass. 425, 427 [1950]); they did not induce the plaintiff to make them (contrast *Douillette* v. *Parmenter,* 335 Mass. 305, 307 [1957]); there was nothing in their words or conduct which justified an expectation on the plaintiff's part that he would be paid (compare *Mazeikis* v. *Sidlauskas,* 346 Mass. 539, 543-544 [1963]). If the plaintiff was acting under a mistake of fact, it was (as the master found) unilateral on his part (compare *Delorafano* v. *Delafano,* 333 Mass. 684, 687 [1956]). The cases of *Butterfield* v. *Byron,* 153 Mass. 517, 522-524

---

[1] Mary F. Palmieri.

(1891), and *Cochrane* v. *Forbes,* 257 Mass. 135, 150 (1926), are distinguishable. The final decree is to be modified to include a dismissal of the defendants' counterclaim and, as so modified, is affirmed. The defendants are to have costs of appeal.

*So ordered.*

*Frederick G. Talabach,* for the plaintiff, submitted a brief.
*Joel Rome* for the defendants.