ALFRED F. MORRIS *vs.* MARY C. MORRIS (and a companion case). May 19, 1975. There was no error in the interlocutory decree confirming the master's report and the final decree. The plaintiffs have failed to establish (as was their burden, see *American Employers' Ins. Co.* v. *Webster,* 322 Mass. 161, 165 [1947]) that Mary C. Morris (defendant) holds the real estate, or the proceeds of the sale of a part of the real estate, in trust for the children of Mary M. Morris (mother). Although the Statute of Frauds would not bar the establishment of an oral express trust directed to the proceeds of the sale of the real estate *(Chace* v. *Gardner,* 228 Mass. 533 [1917]), the master's general finding (assuming, without deciding, that it is supported by the subsidiary findings) that the mother expressed to the defendant "her wish that the property would be used" in the manner contended for by the plaintiffs does not "unequivocally show an intention that the legal estate be

vested in one person to be held in some manner or for some purpose on behalf of another." *Cooney* v. *Montana,* 347 Mass. 29, 35 (1964). See *Poor* v. *Bradbury,* 196 Mass. 207, 209-210 (1907), and cases cited; contrast *Trustees of First Methodist Church of Holyoke* v. *Attorney Gen.* 359 Mass. 658, 659-660 (1971), and cases cited. Nor is a constructive trust shown. There is no suggestion of fraud or misuse of confidential information. See *Barry* v. *Covich,* 332 Mass. 338, 342 (1955). The fact that the mother and the defendant were members of the same family did not, without more, create a fiduciary relationship. *Ranicar* v. *Goodwin,* 326 Mass. 710, 713-714 (1951), and cases cited. *Kelly* v. *Kelly,* 358 Mass. 154, 156 (1970). The master's subsidiary finding that the mother "relied upon . . . [the defendant] for assistance in the management of her financial affairs," and his general finding that the mother "was accustomed to being guided by the business judgment of the . . . [defendant] and had confidence that the . . . [defendant's] judgment would be exercised in . . . [the mother's] best interest and in accordance with her wishes," appear in the context of the other subsidiary findings to mean little more than that the defendant provided substantially all the mother's financial support (except for the monthly social security check of $26) after 1954 and paid all the bills, including the taxes on and repairs and maintenance of the real estate, after 1960. The "additional factors" which were found to give rise to a fiduciary relationship (see *Kelly* v. *Kelly, supra,* 156-157) in *Hawkes* v. *Lackey,* 207 Mass. 424, 431-433 (1911); *Schmidt* v. *Schmidt,* 216 Mass. 572, 576-577 (1914); *Stetson* v. *French,* 321 Mass. 195, 199 (1947); and *Samia* v. *Central Oil Co. of Worcester,* 339 Mass. 101, 112 (1959), are not present in this case. The only exceptions to the master's report which have been argued have no relevance in view of our conclusion that no trust has been shown.

*Interlocutory decree affirmed.*
*Final decree affirmed.*

*David Entin* for Alfred F. Morris.
*Thomas F. McGuire* for Marilyn Silvia & others.
*Charles I. Tucker* for Mary C. Morris.