JOHN ALDEN TRANSPORTATION CO., INC. *vs.* ARNOLD BLOOM & another. January 28, 1981. By this action brought in the Superior Court the plaintiff sought to impose a constructive trust. The plaintiff alleged that it orally agreed to refrain from bidding on certain real estate at a foreclosure auction sale in exchange for the defendants' promise to convey a one-half interest in the said property if their bid was successful. It was.

The defendants denied the existence of any agreement. The defendants claimed, alternatively, that any such agreement would fail due to a lack of consideration, or would be unenforceable by reason of the Statute of Frauds (G. L. c. 259, § 1). The judge allowed the defendants' motion for summary judgment. The plaintiff appealed from the ensuing judgment. There was no error.

On the basis of the two affidavits submitted in support of their motion for summary judgment the defendants satisfied their burden of showing that "there is no genuine issue as to any material fact and that [they are] entitled to a judgment as a matter of law." Mass.R.Civ.P. 56(c), 365 Mass. 824 (1974). The central issue therefore is whether the plaintiff's response in opposition to the motion "show[s] there is a genuine issue" of

material fact requiring trial. Mass.R.Civ.P. 56(e), 365 Mass. 825 (1974). See *John B. Deary, Inc.* v. *Crane*, 4 Mass. App. Ct. 719, 722-723 (1976). The plaintiff has failed to set forth "specific facts to contradict the assertions in the [defendants'] affidavits." *Royal Bank of Canada* v. *Connolly*, 9 Mass. App. Ct. 905 (1980). See *Community Natl. Bank* v. *Dawes*, 369 Mass. 550, 554 (1976).

The thrust of the plaintiff's attempt to defeat the defendants' motion for summary judgment is based upon the alleged oral agreement. Although the plaintiff concedes that an oral agreement for the purchase and sale of real estate is unenforceable because of the Statute of Frauds, it contends that in these circumstances a constructive trust should be imposed to prevent the defendants from being unjustly enriched because the "real estate [was] purchased by one partner or joint venturer under an oral agreement to hold same for the partnership or joint venture." Compare *Kelly* v. *Kelly*, 358 Mass. 154, 156-157 (1970). Contrast *Meinhard* v. *Salmon*, 249 N.Y. 458 (1928).

Generally speaking, "[a] constructive trust 'is imposed in order to avoid the unjust enrichment of one party at the expense of the other where legal title . . . was obtained by [a] *fraud* or [b] *in violation of a fiduciary relation* or [c] where information confidentially given or acquired was used to the advantage of the recipient at the expense of the one who disclosed the information' (emphasis supplied). *Barry* v. *Covich*, 332 Mass. 338, 342 [1955]." *Kelly* v. *Kelly*, *supra* at 156, quoting from *Meskell* v. *Meskell*, 355 Mass. 148, 151 (1969). See *Superior Glass Co.* v. *First Bristol County Natl. Bank*, 8 Mass. App. Ct. 356, 360-361 (1979), S.C. 380 Mass. 829 (1980). Here, the plaintiff argues only that the constructive trust arose out of the breach of a fiduciary relationship. Such a fiduciary relationship, the plaintiff claims, is based on the parties' relationship as partners or joint venturers. "The relation of joint adventurers, like a partnership, is created by a contract express or implied . . . ." *Edgerly* v. *Equitable Life Assur. Socy.*, 287 Mass. 238, 243 (1934). The plaintiff's difficulty here is that the facts alleged in its verified complaint fall far short of giving rise to either relationship. See *Cardullo* v. *Landau*, 329 Mass. 5, 8 (1952). Certain critical aspects of the usual joint venture do not appear. *Id.* at 8-9. See *Eastern Elec. Co.* v. *Taylor Woodrow Blitman Constr. Corp.*, *ante* 192, 196-199 (1981).

In sum, the facts pleaded in the verified complaint do not establish the existence of a fiduciary relationship or set out the elements of a partnership or joint venture agreement which could give rise to such a relationship, nor are they sufficiently specific within the meaning of rule 56(e).

*Judgment affirmed.*

*Marvin H. Margolies* for the plaintiff.
*Mark J. Witkin* for the defendants.